Samuel J. Muir, Esq. (SBN 89883)
COLLINS COLLINS MUIR + STEWART LLP
1999 Harrison Street, Suite 1700
Oakland, CA  94612
PH: (510) 844-5100
FAX (510) 844-5101
Email: smuir@ccmslaw.com

Attorneys for Defendant
TETRA TECH, INC.

# UNITED STATES DISTRICT COURT

## NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| CHARLOTTE HORNE; WILBERT HORNE; JAMES GEHRKE; RUTH GEHRKE; BARBARA ZOELLNER; and CHARLES T. WALTER, JR., individually and on Behalf of All Other Similarly Situated Persons,<br><br>            Plaintiffs,<br><br>      vs.<br><br>ASHBRITT, INC.; TETRA TECH, INC.; RIGHT WAY TREE AND CONSTRUCTION dba TATE'S TREE SERVICE AND CONSTRUCTION LLC; and Does 1 through 100, inclusive,<br><br>            Defendants. | CASE NO.:  18-7181<br><br>Napa Co. Superior Court Case No. 18CV001130<br><br>**NOTICE OF REMOVAL OF ACTION UNDER 28 U.S.C. § 1441(a) and 1446(a) and (b)(1)**<br><br>**(FEDERAL QUESTION)**<br><br>**Complaint Filed:**    08/23/2018<br><br>**Trial Date:**         **None** |

**TO THE CLERK OF THE ABOVE-ENTITLED COURT AND PLAINTIFFS AND THEIR ATTORNEYS OF RECORD:**

PLEASE TAKE NOTICE that Defendant, TETRA TECH, INC. hereby gives notice of the

21469-NTC OF REMOVAL

1

Collins Collins
Muir + Stewart LLP
1999 Harrison Street,
Ste.1700
Oakland, CA 94612
Phone  (510) 844-5100
Fax    (510) 844-5101

1   removal of the above action from the Superior Court of California, County of Napa to the United

2   States District Court, Northern District of California.   The grounds for removal are that the

3   operative pleading, the Complaint raises claims that arise under Federal law and therefore this

4   Court has original jurisdiction.  This Court also has supplemental jurisdiction over the remaining

5   State law claims.

6   **I.       Venue is Proper**

7   On August 23, 2018, Plaintiffs, CHARLOTTE HORNE, WILBERT HORNE, JAMES

8   GEHRKE, RUTH GEHRKE, BARBARA ZOELLNER, AND CHARLES T. WALTER, JR.,

9   (collectively "Plaintiffs") commenced an action against Defendant TETRA TECH, INC. by filing a

10  Complaint in the Superior Court of California, County of Napa, entitled *Charlotte Horne, et al. vs.*

11  *Ashbritt, Inc. et al*., Superior Court Case No. 18CV001130.  Defendant TETRA TECH, INC. was

12  served on October 29, 2018.  The Complaint pleads the following five (5) causes of action:  (1)

13  Racketeering Influenced and Corrupt Organizations Act (RICO)(Violation of 18 USC§ 1962(c) );

14  (2) Unlawful, Fraudulent Business Practices (Bus. & Prof. Code §§ 17200, *et seq*.); (3) Trespass;

15  (4) Conversion; and (5) Trespass to Chattels.

16  Therefore, removal from the Napa County Superior Court to the United States District Court

17  in the Northern District is a proper location pursuant to 28 U.S.C. § 1441(a).

18  **II.      Removal is Timely**

19  A notice of removal shall be filed within 30 days after the receipt by the defendant, through

20  service or otherwise, of a copy of the initial pleading setting forth the claim for relief upon which

21  such action or proceeding is based, pursuant to 28 U.S.C. § 1446(b)(1).

22  Defendant TETRA TECH, INC. was served on October 29, 2018.  This Notice of Removal

23  is filed within 30 days from the date upon which Defendant TETRA TECH, INC. received a copy

24  of Plaintiffs Complaint on October 29, 2018, and is within the time for removal provided by law.

25  28 U.S.C. § 1446(b)(1).

26  ///

27  ///

28  ///

21469-NTC OF REMOVAL

Collins Collins
Muir + Stewart LLP
1999 Harrison Street,
Ste.1700
Oakland, CA 94612
Phone  (510) 844-5100
Fax    (510) 844-5101

**NOTICE OF REMOVAL OF ACTION UNDER 28 U.S.C. § 1441(a) and 1446(a) and (b)(1)**

### III.     State Court Record

The only process, pleadings, and/or orders in State court that was filed by Defendant TETRA TECH, INC. or served upon Defendant TETRA TECH, INC. was the Summons and Complaint of Plaintiffs, which is attached hereto as EXHIBIT 1, pursuant to 28 U.S.C. § 1446(a). To date and to the knowledge of Defendant TETRA TECH, INC., Defendant TETRA TECH, INC., is the only defendant that has been served with Plaintiffs' Summons and Complaint.

### IV.     Statutory Basis for Federal Jurisdiction

Original jurisdiction exists because Plaintiffs' claim(s) present a federal question on the face of their Complaint.   Since Plaintiffs claims(s) on the face of their complaint present a federal question, their claim(s) arise under a federal statute.   28 U.S.C. § 1331.   Specifically, the First Cause of Action for Violation of 18 U.S.C. § 1962(c) arises under a federal statute.

Furthermore, this Court has jurisdiction over the remaining State law claims because the claims are so related to the claim in the action within this Court's original jurisdiction that they form part of the same case or controversy under Article III of the United States Constitution.   28 U.S.C § 1367.   Specifically, all five (5) claims plead in Plaintiffs' Complaint relate to the same events:  the alleged conduct that Defendants, as an Enterprise, operated for the common purpose to increase profits by over excavating subject properties under the pretense of the removal of contaminated soil or trees.

Based on the above, this Court has original jurisdiction of this action under 28 U.S.C. § 1331 and supplemental jurisdiction under 29 U.S.C. § 1367; therefore, removal of the action to The United States District Court, Northern District of California is proper under 28 U.S.C. § 1441.

On the date set forth below, a copy of this notice is being served on Plaintiffs' attorney, and on the same date herein, a copy of this notice is to be filed with the clerk of the Superior Court of California, County of Napa.

///

///

///

///

21469-NTC OF REMOVAL

3

**NOTICE OF REMOVAL OF ACTION UNDER 28 U.S.C. § 1441(a) and 1446(a) and (b)(1)**

**Collins Collins Muir + Stewart** LLP
1999 Harrison Street,
Ste.1700
Oakland, CA 94612
Phone   (510) 844-5100
Fax      (510) 844-5101

1
2
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26
27
28

**WHEREFORE**, pursuant to the provision of 28 U.S.C. § 1441, Defendant TETRA TECH, INC. removes the above State action from the Superior Court of the State of California for the County of Napa to this Court.

DATED: November 28, 2018          COLLINS COLLINS MUIR + STEWART LLP


By: _____
    SAMUEL J. MUIR

    Attorneys for Defendant
    TETRA TECH, INC.

Collins Collins
Muir + Stewart LLP
1999 Harrison Street,
Ste. 1700
Oakland, CA 94612
Phone  (510) 844-5100
Fax      (510) 844-5101

21469-NTC OF REMOVAL

4

NOTICE OF REMOVAL OF ACTION UNDER 28 U.S.C. § 1441(a) and 1446(a) and (b)(1)

**EXHIBIT 1**

SUM-100

# SUMMONS
## (CITACION JUDICIAL)

**NOTICE TO DEFENDANT:** ASHBRITT, INC.; TETRA TECH, INC; RIGHT
*(AVISO AL DEMANDADO):* WAY TREE AND CONSTRUCTION,
dba TATE'S TREE SERVICE AND CONSTRUCTION LLC; and Does 1 through
100, inclusive.

**YOU ARE BEING SUED BY PLAINTIFF:** CHARLOTTE HORNE, WILBERT
*(LO ESTÁ DEMANDANDO EL DEMANDANTE):* HORNE, JAMES GEHRKE,
RUTH GEHRKE, BARBARA ZOELLNER, and CHARLES T. WALTER, JR.,
Individually and on Behalf of All Other Similarly Situated Persons.

FOR COURT USE ONLY
(SOLO PARA USO DE LA CORTE)

ENDORSED

AUG 23 2018

Clerk of the Napa Superior Court
By: _____L. WALKER_____
Deputy

---

NOTICE! You have been sued. The court may decide against you without your being heard unless you respond within 30 days. Read the information
below.
    You have 30 CALENDAR DAYS after this summons and legal papers are served on you to file a written response at this court and have a copy
served on the plaintiff. A letter or phone call will not protect you. Your written response must be in proper legal form if you want the court to hear your
case. There may be a court form that you can use for your response. You can find these court forms and more information at the California Courts
Online Self-Help Center (www.courtinfo.ca.gov/selfhelp), your county law library, or the courthouse nearest you. If you cannot pay the filing fee, ask
the court clerk for a fee waiver form. If you do not file your response on time, you may lose the case by default, and your wages, money, and property
may be taken without further warning from the court.
    There are other legal requirements. You may want to call an attorney right away. If you do not know an attorney, you may want to call an attorney
referral service. If you cannot afford an attorney, you may be eligible for free legal services from a nonprofit legal services program. You can locate
these nonprofit groups at the California Legal Services Web site (www.lawhelpcalifornia.org), the California Courts Online Self-Help Center
(www.courtinfo.ca.gov/selfhelp), or by contacting your local court or county bar association. NOTE: The court has a statutory lien for waived fees and
costs on any settlement or arbitration award of $10,000 or more in a civil case. The court's lien must be paid before the court will dismiss the case.
¡AVISO! Lo han demandado. Si no responde dentro de 30 días, la corte puede decidir en su contra sin escuchar su versión. Lea la información a
continuación.
    Tiene 30 DÍAS DE CALENDARIO después de que le entreguen esta citación y papeles legales para presentar una respuesta por escrito en esta
corte y hacer que se entregue una copia al demandante. Una carta o una llamada telefónica no lo protegen. Su respuesta por escrito tiene que estar
en formato legal correcto si desea que procesen su caso en la corte. Es posible que haya un formulario que usted pueda usar para su respuesta.
Puede encontrar estos formularios de la corte y más información en el Centro de Ayuda de las Cortes de California (www.sucorte.ca.gov), en la
biblioteca de leyes de su condado o en la corte que le quede más cerca. Si no puede pagar la cuota de presentación, pida al secretario de la corte
que le dé un formulario de exención de pago de cuotas. Si no presenta su respuesta a tiempo, puede perder el caso por incumplimiento y la corte le
podrá quitar su sueldo, dinero y bienes sin más advertencia.
    Hay otros requisitos legales. Es recomendable que llame a un abogado inmediatamente. Si no conoce a un abogado, puede llamar a un servicio de
remisión a abogados. Si no puede pagar a un abogado, es posible que cumpla con los requisitos para obtener servicios legales gratuitos de un
programa de servicios legales sin fines de lucro. Puede encontrar estos grupos sin fines de lucro en el sitio web de California Legal Services,
(www.lawhelpcalifornia.org), en el Centro de Ayuda de las Cortes de California, (www.sucorte.ca.gov) o poniéndose en contacto con la corte o el
colegio de abogados locales. AVISO: Por ley, la corte tiene derecho a reclamar las cuotas y los costos exentos por imponer un gravamen sobre
cualquier recuperación de $10,000 ó más de valor recibida mediante un acuerdo o una concesión de arbitraje en un caso de derecho civil. Tiene que
pagar el gravamen de la corte antes de que la corte pueda desechar el caso.

---

| The name and address of the court is: | CASE NUMBER: |
|---|---|
| (El nombre y dirección de la corte es): | |
| Superior Court of California, County of Napa | 18CV001130 |
| 825 Brown Street | |
| Napa, California 94559 | |

The name, address, and telephone number of plaintiff's attorney, or plaintiff without an attorney, is: Robert S. Arns
(El nombre, la dirección y el número de teléfono del abogado del demandante, o del demandante que no tiene abogado, es):
The Arns Law Firm
515 Folsom Street, 3rd Floor, San Francisco, CA 94105                                   415-495-7800

| DATE: | Clerk, by | | Deputy |
|---|---|---|---|
| (Fecha)  AUG 23 2018 | (Secretario)  L. WALKER | RICHARD D. FELDSTEIN | (Adjunto) |

(For proof of service of this summons, use Proof of Service of Summons (form POS-010).)
(Para prueba de entrega de esta citatión use el formulario Proof of Service of Summons, (POS-010)).

**NOTICE TO THE PERSON SERVED:** You are served
1.  ☐ as an individual defendant.
2.  ☐ as the person sued under the fictitious name of (specify):

3.  ☒ on behalf of (specify): Tetra Tech, Inc.

    under: ☐ CCP 416.10 (corporation)          ☐ CCP 416.60 (minor)
           ☐ CCP 416.20 (defunct corporation)  ☐ CCP 416.70 (conservatee)
           ☐ CCP 416.40 (association or partnership) ☐ CCP 416.90 (authorized person)
           ☐ other (specify):
4.  ☒ by personal delivery on (date): 10/29/18

[SEAL]

SEAL

Page 1 of 1

| Form Adopted for Mandatory Use | SUMMONS | Code of Civil Procedure §§ 412.20, 465 |
|---|---|---|
| Judicial Council of California | | www.courtinfo.ca.gov |
| SUM-100 [Rev. July 1, 2009] | | Westlaw Doc & Form Builder |

BY FAX

ENDORSED

AUG 23 2018

Clerk of the Napa Superior Court
By:_____L. WALKER
                    Deputy

1   Robert S. Arns, State Bar No. 65071
    Jonathan E. Davis, State Bar No. 191346
2   Kevin M. Osborne, State Bar No. 261367
    Julie C. Erickson, State Bar No. 293111
3   Shounak S. Dharap, State Bar No. 311557
    **THE ARNS LAW FIRM**
4   515 Folsom Street, 3rd Floor
    San Francisco, CA 94105
5   Tel: (415) 495-7800
    Fax: (415) 495-7888
6
    Attorneys for Plaintiffs
7

8        **SUPERIOR COURT OF THE STATE OF CALIFORNIA**

9               **COUNTY OF NAPA**

                                18CV001130

10   CHARLOTTE HORNE, WILBERT HORNE,     Case No.
    JAMES GEHRKE, RUTH GEHRKE,
11   BARBARA ZOELLNER, and CHARLES T.     **CLASS ACTION COMPLAINT FOR**
    WALTER, JR., Individually and on Behalf of   **DAMAGES [C.C.P. § 382]**
12   All Other Similarly Situated Persons,
                            **COMPLAINT FOR VIOLATIONS OF:**
13                            1.  Violation of 18 U.S.C. 1962
              Plaintiffs,          2.  Violation of Bus. & Prof. Code § 17200
14                           3.  Trespass
15   vs.                         4.  Conversion
                          5.  Trespass to Chattels
16   ASHBRITT, INC.; TETRA TECH, INC;
    RIGHT WAY TREE AND CONSTRUCTION,   **AMOUNT EXCEEDS $75,000**
17   dba TATE'S TREE SERVICE AND
    CONSTRUCTION LLC; and Does 1 through
18   100, inclusive,

19            Defendants.
                               CASE MANAGEMENT CONFERENCE
20                                 DATE: 1-30-2019
                                TIME: 8:30am
21                                 PLACE: Courtroom  C
                                825 Brown Street, Napa CA 94559
22

23

24                        **DELAY REDUCTION CASE**

25

26

27

28



---

              CLASS ACTION COMPLAINT FOR DAMAGES



1   Plaintiffs CHARLOTTE HORNE, WILBERT HORNE, JAMES GEHRKE, RUTH
2   GEHRKE, BARBARA ZOELLNER, and CHARLES T. WALTER, JR., on behalf of themselves
3   and all others similarly situated, (collectively "Plaintiffs") bring this action against Defendants
4   ASHBRITT, INC. ("AshBritt"); TETRA TECH, INC. ("Tetra Tech"); RIGHT WAY TREE AND
5   CONSTRUCTION, dba TATE'S TREE SERVICE AND CONSTRUCTION LLC ("Right Way
6   Tree"); and Does 1 through 100 (collectively "Defendants"), and allege, upon information and
7   belief, except as to their own actions, the investigation of their counsel, and the facts that are a matter
8   of public record, as follows:

9       1.      As alleged herein, Plaintiffs are property owners and residents of the areas of
10  Northern California affected by the wildfires of October 2017. Plaintiffs suffered harm to real
11  property and misappropriation of personal property by Defendants, who were responsible for
12  excavating contaminated soil from areas affected by the fires. This included the loss of personal
13  property, damage to real property, and annoyance and discomfort.

14      2.      During the course of Defendants' debris removal, Defendants improperly removed
15  excessive amounts of soil, structures, vegetation, or other land or materials, all of which were
16  unaffected and uncontaminated by the wildfires.

17      3.      Defendant AshBritt and Defendant Tetra Tech conspired to remove excessive
18  amounts of soil in order to increase the total weight of material removed from Plaintiffs properties,
19  for which the United States government paid between $200 and $300 per ton.

20      4.      Defendant AshBritt and Defendant Tetra Tech directed subcontractors to commit
21  such fraud on the United States government for the purpose of increasing their profits.

22      5.      Plaintiffs seek actual or compensatory damages, restitution, equitable relief, costs
23  and expenses of litigation, including attorneys' fees, and all additional and further relief that may be
24  available and that the Court may deem appropriate and just under all of the circumstances,
25  individually and on behalf of a proposed class defined below ("the Class").

26                              **JURISDICTION AND VENUE**

27      6.      This class action is brought pursuant to Section 382 of the California Code of Civil
28  Procedure and seeks to remedy Defendants' violations of federal and state law, including the



1

1 Racketeering Influenced and Corrupt Organizations Act, UCL, and common law torts, arising from
2 and related to Defendants' scheme to defraud the United States government by wrongfully
3 excavating and removing uncontaminated or untested soil from Plaintiffs' properties.

4      7.     This action meets the "home state exception" to the Class Action Fairness Act and
5 may not be removed to federal court on the grounds of diversity of citizenship under 28 U.S.C. §
6 1332 (d)(4)(A). Specifically, all members of the proposed class are citizens of California;
7 Defendants Tetra Tech and Right Way Tree, from whom significant relief is sought on behalf of the
8 class and whose conduct forms a significant basis for the claims asserted herein, are citizens of
9 California; all injuries incurred by the class occurred in California; and no other class action has
10 been filed asserting the same or similar factual allegations against any of the defendants on behalf
11 of Plaintiffs or the class.

12      8.     Although Plaintiffs bring a cause of action under the federal Racketeering Influenced
13 and Corrupt Organizations Act ("RICO"), this Court has concurrent jurisdiction under *Tafflin v.*
14 *Levitt* (1990) 493 U.S. 455 to adjudicate a civil RICO action.

15      9.     Venue is proper in this Court because, *inter alia*, Defendants engage and perform
16 business activities in and throughout the State of California, including Napa County. Class members
17 reside in Napa County and many of the acts complained of herein occurred in this judicial district.

18                                          **PARTIES**

19      10.    Plaintiff CHARLOTTE HORNE is a resident of the State of California. During the
20 class period, CHARLOTTE HORNE owned real property in Napa County on which Defendants
21 performed cleanup services relating to the Northern California Fires. During the cleanup,
22 Defendants removed excessive amounts of soil, structures, vegetation, or other land or materials
23 from Plaintiff CHARLOTTE HORNE'S property, resulting in damage to real property, loss of
24 personal property, and annoyance and discomfort.

25      11.    Plaintiff WILBERT HORNE is a resident of the State of California. During the class
26 period, WILBERT HORNE owned real property in Napa County on which Defendants performed
27 cleanup services relating to the Northern California Fires. During the cleanup, Defendants removed
28 excessive amounts of soil, structures, vegetation, or other land or materials from Plaintiff WILBERT

2

1  HORNE'S property, resulting in damage to real property, loss of personal property, and annoyance
2  and discomfort.

3       12.    Plaintiff JAMES GEHRKE is a resident of the State of California. During the class
4  period, JAMES GEHRKE owned real property in Napa County on which Defendants performed
5  cleanup services relating to the Northern California Fires. During the cleanup, Defendants removed
6  excessive amounts of soil, structures, vegetation, or other land or materials from Plaintiff JAMES
7  GEHRKE'S property, resulting in damage to real property, loss of personal property, and annoyance
8  and discomfort.

9       13.    Plaintiff RUTH GEHRKE is a resident of the State of California. During the class
10 period, RUTH GEHRKE owned real property in Napa County on which Defendants performed
11 cleanup services relating to the Northern California Fires. During the cleanup, Defendants removed
12 excessive amounts of soil, structures, vegetation, or other land or materials from Plaintiff RUTH
13 GEHRKE's property, resulting in damage to real property, loss of personal property, and annoyance
14 and discomfort.

15      14.    Plaintiff BARBARA ZOELLNER is a resident of the State of California. During the
16 class period, BARBARA ZOELLNER owned real property in Napa County on which Defendants
17 performed cleanup services relating to the Northern California Fires. During the cleanup,
18 Defendants removed excessive amounts of soil, structures, vegetation, or other land or materials
19 from Plaintiff BARBARA ZOELLNER's property, resulting in damage to real property, loss of
20 personal property, and annoyance and discomfort.

21      15.    Plaintiff CHARLES T. WALTER, JR. is a resident of the State of California. During
22 the class period, CHARLES T. WALTER, JR. owned real property in Napa County on which
23 Defendants performed cleanup services relating to the Northern California Fires. During the
24 cleanup, Defendants removed excessive amounts of soil, structures, vegetation, or other land or
25 materials from Plaintiff CHARLES T. WALTER, JR.'s property, resulting in damage to real
26 property, loss of personal property, and annoyance and discomfort.

27 //
28 //

3
FIRST AMENDED CLASS ACTION COMPLAINT FOR DAMAGES

**Contractor Defendants**

16.     Plaintiffs are informed and believe that Defendant AshBritt and DOES 1 through 10 contracted with the United States Army Corps of Engineers ("USACE") to enter onto private properties affected by the Northern California Wildfires to demolish structures and objects damaged by fire, excavate contaminated soil, clear land, and remove or haul debris.

17.     Defendant AshBritt is a Florida corporation with its principal place of business located at 565 E Hillsboro Blvd. in Deerfield Beach, Florida and maintains substantial ongoing business operations throughout California, including Napa County. AshBritt is in the business of debris removal and disaster-related general contracting. AshBritt was responsible for hiring subcontractors to complete the work in which it was engaged under the contract with the USACE.

18.     The true names and capacities, whether individual, corporate, associate, or otherwise, of other Contractor Defendants designated herein as Does 1 through 10, inclusive, are presently unknown to Plaintiffs and thus sued by such fictitious names. On information and belief, each of the Defendants designated herein as "Doe" is legally responsible for the events and actions alleged herein, and proximately caused or contributed to the injuries and damages as hereinafter described. Plaintiffs will seek leave to amend this complaint, in order to show the true names and capacities of such parties, when the same has been ascertained.

**Monitor Defendants**

19.     Plaintiffs are informed and believe that Defendant Contractor Defendants contracted Defendant Tetra Tech and DOES 11 through 20 to monitor, supervise, inspect, and direct the work of Ashbritt and other subcontractor Defendants.

20.     Defendant Tetra Tech is a California corporation with its principal place of business located at 3475 East Foothill Boulevard in Pasadena, California and maintains substantial ongoing business operations in California, including in Napa County. Tetra Tech is in the business of consulting, engineering, program management, and construction management.

21.     The true names and capacities, whether individual, corporate, associate, or otherwise, of other Monitor Defendants designated herein as Does 11 through 20, inclusive, are presently unknown to Plaintiffs and thus sued by such fictitious names. On information and belief, each of the



4

1  Defendants designated herein as "Doe" is legally responsible for the events and actions alleged
2  herein, and proximately caused or contributed to the injuries and damages as hereinafter described.
3  Plaintiffs will seek leave to amend this complaint, in order to show the true names and capacities of
4  such parties, when the same has been ascertained.

5      **Excavation Defendants**

6      22.     Plaintiffs are informed and believe that Contractor Defendants contracted Defendant
7  Right Way Tree and DOES 21 through 30, inclusive (hereinafter collectively referred to as
8  "Excavation Defendants") to enter onto private properties affected by the Northern California
9  Wildfires and demolish structures and objects damaged by fire, excavate surface terrain, clear land,
10 and remove or haul debris.

11     23.     Defendant Right Way Tree is a California corporation with its principal place of
12 business located at 10903 John Barleycorn Rd. in Nevada City, California and maintains substantial
13 ongoing business operations in California, including in Napa County. It is in the business of tree
14 trimming, tree removal, and excavation.

15     24.     The true names and capacities, whether individual, corporate, associate, or otherwise,
16 of other Excavation Defendants designated herein as Does 21 through 50, inclusive, are presently
17 unknown to Plaintiffs and thus sued by such fictitious names. On information and belief, each of the
18 Defendants designated herein as "Doe" is legally responsible for the events and actions alleged
19 herein, and proximately caused or contributed to the injuries and damages as hereinafter described.
20 Plaintiffs will seek leave to amend this complaint, in order to show the true names and capacities of
21 such parties, when the same has been ascertained.

22     **Unknown Defendants**

23     25.     The true names and capacities, whether individual, corporate, associate, or otherwise,
24 of the Defendants designated herein as Does 51 through 100, inclusive, are presently unknown to
25 Plaintiffs and thus sued by such fictitious names. On information and belief, each of the Defendants
26 designated herein as "Doe" is legally responsible for the events and actions alleged herein, and
27 proximately caused or contributed to the injuries and damages as hereinafter described. Plaintiffs
28



FIRST AMENDED CLASS ACTION COMPLAINT FOR DAMAGES

1  will seek leave to amend this complaint, in order to show the true names and capacities of such

2  parties, when the same has been ascertained.

3          26.     On information and belief, at all times herein mentioned, each Defendant was the

4  agent, partner, joint venturer, representative, or employee of the remaining Defendants, and was

5  acting within the course and scope of such agency, partnership, joint venture, or employment.

6  Furthermore, in engaging in the conduct described below, the Defendants were all acting with the

7  express or implied knowledge, consent, authorization, approval, or ratification of their co-

8  Defendants.

9                          **CLASS ACTION ALLEGATIONS**

10         27.     Plaintiffs bring this action as a class action pursuant to Code of Civil Procedure,

11  Section 382, on behalf of themselves and the following Class:

12              All owners of real property in Sonoma, Lake, Mendocino, and Napa
                Counties on whose land Excavation Defendants performed cleanup
13              work in relation to wildfire damage from October 2017 to the present.
                Excluded from this Class are Defendants and the Judge to whom this
14              case is assigned.

15  Plaintiffs reserve the right to amend this Class definition if discovery or further investigation

16  demonstrates that the Class should be expanded or otherwise modified.

17         28.     **Numerosity of the Class.** The members of the Class are so numerous that joinder of

18  all members would be impracticable. The precise number of members of the Class and their

19  addresses are presently unknown to Plaintiffs, but is presumed to be in excess of 25. The precise

20  number of persons in the Class and their identities and addresses may be ascertained from

21  Defendants' records. If deemed necessary by the Court, members of the Class may be notified of

22  the pendency of this action by mail, supplemented by published notice.

23         29.     **Existence of Predominance of Common Questions of Fact and Law.** There are

24  questions of law and fact common to the members of the Class that predominate over any questions

25  affecting only individual members, including:

26         a.      Whether Defendants were united in an enterprise that conducted a pattern of

27                 racketeering acts;

28



6

b.   Whether Defendants trespassed onto Plaintiffs' real property, thereby causing damage to land;

c.   Whether Defendants interfered with the possessory rights of Plaintiffs' personal property,

d.   Whether Defendants' conduct violated Business and Professions Code §§ 17200, *et seq.*;

e.   Whether Defendants' conduct otherwise violated California law;

f.   Whether Defendants are jointly or severally liable or otherwise legally responsible for violations alleged herein under an agency or other theory; and

g.   Whether, as a result of Defendants' misconduct, Plaintiffs are entitled to damages, restitution, equitable relief or other damages and relief, and, if so, the amount and nature of such relief.

30.   **Typicality.** Plaintiffs' claims are typical of the claims of the members of the Class. Plaintiffs have no interests antagonistic to those of the Class and are not subject to any unique defenses.

31.   **Adequacy.** Plaintiffs will fairly and adequately protect the interests of all members of the Class and have retained attorneys experienced in class action and complex litigation.

32.   **Superiority.** A class action is superior to all other available methods for the fair and efficient adjudication of this controversy for, *inter alia*, the following reasons:

a.   It is economically impractical for members of the Class to prosecute individual actions;

b.   The Class is readily definable;

c.   Prosecution as a class action will eliminate the possibility of repetitious litigation; and

d.   A class action will enable claims to be handled in an orderly and expeditious manner, will save time and expense, and will ensure uniformity of decisions.

33.   Plaintiffs do not anticipate any difficulty in the management of this litigation.



7

## FACTUAL ALLEGATIONS

### The North Bay Fires

34.     In October 2017, a series of wildfires ignited and spread across Northern California, causing extensive damage throughout Sonoma, Napa, Mendocino, Solano, Lake, Butte, Calaveras, Nevada, and Yuba Counties. These fires claimed the lives of 43 individuals, injured others, burned over 245,000 acres, and destroyed over 14,700 homes.

35.     On October 10, 2017, the President of the United States declared the Northern California Wildfires a major disaster and ordered federal aid to supplement recovery efforts in areas affected by the wildfires. The Federal Emergency Management Agency ("FEMA") was responsible for coordinating these efforts.

### North Bay Fire Cleanup and Debris Removal

36.     Under the auspices of FEMA, the USACE oversaw and coordinated contractors' recovery efforts following the North Bay Fires ("the Cleanup Project").

37.     Around October 2017, the USACE contracted with Defendant AshBritt to manage the Cleanup Project.

38.     Specifically, AshBritt was responsible for performing initial site reconnaissance and individual site assessments; monitoring air quality and preventing storm water pollution; segregating ash, metals, and concrete for transport to appropriate disposal or recycling facilities; finishing surfaces and removing topsoil; removing trees; and testing soil for contamination.

39.     AshBritt hired a number of subcontractors to perform the cleanup work    Excavation Defendants – and contracted Defendant Tetra Tech to monitor and direct portions of the work.

40.     AshBritt, a Florida company, entered into California for the purpose of managing the Cleanup Project.

### Excessive Excavation & Removal

41.     The USACE contract required the removal of 3 to 6 inches of contaminated soil from the surface of Plaintiffs' properties.

42.     Defendants were then required to sample and analyze the remaining soil surface for additional contamination.

FIRST AMENDED CLASS ACTION COMPLAINT FOR DAMAGES

1    43.    If the contamination levels were higher than the California Human Health Screening

2 Levels set by the Office of Health Hazard Assessment (https://oehha.ca.gov/chhsltable), Defendants

3 were required to re-sample and remove small layers of soil (1.5 to 3 inches at a time) until the

4 remaining soil met the safety threshold.

5    44.    Upon information and belief, Plaintiffs allege that Defendants routinely removed

6 excessive amounts of soil, up to six (6) feet in depth, far more than was necessary to dispose of

7 contaminants, without performing sampling to determine whether the soil was contaminated.

8    45.    The USACE contract allowed the removal of trees on private property only when the

9 trees prohibited the debris removal crews from performing their work or if the trees posed a threat

10 to the debris removal crews.

11    46.    Upon information and belief, Plaintiffs allege that Defendants routinely removed

12 trees that did not fit the criteria for removal.

13    47.    The USACE compensated AshBritt between $200 and $300 per ton of debris,

14 including excavated soil and cut down trees, and transported to a disposal site.

15    48.    Defendant AshBritt similarly compensated its subcontractors for excavation based

16 on the weight of the debris, including excavated soil and cut down trees, removed.

17    49.    Because Defendants' compensation for excavation was based on the weight of the

18 soil removed, Defendants were incentivized to over-excavate with no consideration for

19 contamination levels in order to increase the weight of their loads, and consequently, their profit.

20    50.    As a result, Plaintiffs and Class Members incurred and will continue to incur

21 significant costs to backfill trenches left by Defendants' excessive excavation.

22    51.    Similarly, Plaintiffs and Class Members incurred and will continue to incur

23 significant loss associated with the unnecessary removal of trees from their properties.

24                              **The Cleanup Enterprise**

25    52.    Upon information and belief, Plaintiffs allege that all Defendants operated together

26 in a coordinated manner in furtherance of a common purpose: to increase their profits by over-

27 excavating on subject properties in order to increase the weight of their loads.

28

9

53.     Contractor Defendants incentivized Excavation Defendants to over-excavate soil without testing it for contamination by compensating Excavation Defendants based on the weight of the soil removed.

54.     Contractor Defendants also instructed or knowingly permitted Excavation Defendants to excavate more than 6 inches of soil without testing it for contamination.

55.     Upon information and belief, Plaintiffs allege Contractor Defendants instructed or knowingly allowed Monitor Defendants, which were at all times responsible for monitoring, directing, and supervising Excavation Defendants onsite, to permit Excavation Defendants to excavate over 6 inches of soil without testing for contamination.

56.     Upon information and belief, Plaintiffs allege that in furtherance of the common purpose of increasing profits, Monitor Defendants directed or knowingly permitted Excavation Defendants' over-excavation without requiring sampling for contamination.

57.     Excavation Defendants removed more that 6 inches of soil from subject properties without testing for contamination.

58.     Contractor Defendants also instructed or knowingly permitted Excavation Defendants to remove trees that did not prevent debris removal crews from performing their work and did not pose a threat to debris removal crew safety.

59.     Upon information and belief, Plaintiffs allege that at all times, Contractor Defendants, Monitor Defendants, and Excavation Defendants knew that the USACE was compensating Defendants for excavation based on debris weight, knew that Defendants were only permitted to remove up to 6 inches of soil without testing for contamination, and knew that Defendants were permitted to remove trees only when they prevented work from completion or posed a threat to the safety of debris removal crews.

**Fraud on the United States Government**

60.     Upon information and belief, Plaintiffs allege that all Defendants knowingly submitted false and fraudulent reports to the United States government for the purpose of increasing their profits.



10

61.    Excavation Defendants each regularly reported to Contractor Defendants that they had only removed up to 6 inches of soil or that they had tested for soil contamination before removing more than 6 inches, even where they removed more than 6 inches of soil without testing for contamination.

62.    Monitor Defendants, which were charged with monitoring, directing, and supervising Excavation Defendants, instructed or knowingly permitted Excavation Defendants to excavate more than 6 inches of uncontaminated or untested soil.

63.    After Excavation Defendants loaded soil, debris, metal, or ash into its respective truck, Monitor Defendants "tagged" the truck, or used an electronic system to generate load tickets at the point of loading. As a part of "tagging" the truck, Monitor Defendants recorded digital images of the truck's contents and directed the truck drivers to the proper disposal site, where the contents of the truck were weighed.

64.    Monitor Defendants knowingly marked as "contaminated" soil that had not been tested for contamination.

65.    Between October 2017 to the present, Excavation Defendants submitted daily reports to Contractor Defendants, in which they falsely represented that they had removed no more than 6 inches of soil or that they had properly tested soil for contamination before removing more than 6 inches.

66.    Between October 2017 to the present, Monitor Defendants submitted daily reports to Contractor Defendants, in which it falsely represented that, under its supervision and direction, Excavation Defendants had removed no more than 6 inches of soil or that they had properly tested soil for contamination before removing more than 6 inches.

67.    Between October 2017 to the present, Contractor Defendants collected the daily reports from Monitor Defendants and Excavation Defendants and knowingly submitted false and fraudulent statements to the USACE representing that Defendants had removed no more than 6 inches of soil or that they had properly tested soil for contamination before removing more than 6 inches.

FIRST AMENDED CLASS ACTION COMPLAINT FOR DAMAGES

68.    Defendants' false and fraudulent representations were submitted to the United States government via mail, e-mail, and the online load ticket system.

69.    Upon information and belief, Plaintiffs allege that Defendants also communicated with each other via regular mail and e-mail regarding their intent to remove more than 6 inches of uncontaminated soil in order to increase profits.

70.    Ultimately, Defendants represented to the United States government that, only contaminated soil and debris had been removed from each property. In reality, a substantial portion of each load was composed of untested or uncontaminated soil and trees that did not meet the criteria for disposal.

71.    As a result of Defendants' excessive excavation, Plaintiffs and Class Members incurred significant costs to backfill their land.

## FIRST CAUSE OF ACTION
## RACKETEERING INFLUENCED AND CORRUPT ORGANIZATIONS ACT (RICO)
### (Violation of 18 USC § 1962(c))

72.    Plaintiffs hereby reallege and incorporate by reference all paragraphs above as if set forth in detail herein.

73.    Defendants, and each of them, conducted their business during the Cleanup Project in the form of an association-in-fact enterprise or a legal entity enterprise ("the Enterprise").

74.    Over the course of the Cleanup Project, Defendants sought to increase their profits by falsely and fraudulently representing to the United States government that they had removed no more than 6 inches of soil from each property they had been tasked to work on or that they had properly tested soil for contamination before removing more than 6 inches.

75.    The Enterprise was composed of multiple Defendants, some of whom entered into the state of California for the sole purpose engaging in the conduct of the Enterprise and thereby affected interstate commerce.

76.    Defendants' scheme to defraud the United States government was enacted by an enterprise composed of Contractor Defendants, the prime contractors responsible for all work on the Cleanup Project; Excavation Defendants, the subcontractors tasked with actually removing the

1 soil; and Monitor Defendants, the subcontractors tasked with monitoring, supervising, and directing
2 the work of Excavation Defendants.

3     77.    The common purpose of the Enterprise was to increase Defendants' profits by over-
4 excavating subject properties under the guise of removing contaminated soil or felling trees that
5 presented no obstacles to access or threat to worker safety and fraudulently receiving compensation
6 for the total weight of debris, including for soil that was uncontaminated or untested.

7     78.    As a result of the contractual relationship between all Defendants, whereby all
8 Defendants' compensation was dependent on the weight of material removed from subject
9 properties, Defendants operated together as a united entity in furtherance of their common purpose.

10     79.    During the Class Period, Defendants made daily false and fraudulent representations
11 to each other and to the United States government claiming that they had removed no more than 6
12 inches of soil from each of the subject properties or that they had properly tested soil for
13 contamination before removing more than 6 inches.

14     80.    Defendants conducted and participated in the conduct of the Enterprise through a
15 pattern of racketeering activity, including mail fraud (18 U.S.C. § 1341); wire fraud (18 U.S.C. §
16 1343); and interstate travel or transportation in aid of racketeering enterprise (18 U.S.C. § 1952).

17     81.    Defendants carried out a scheme to defraud the United States government by
18 knowingly conducting or participating in the conduct of the Cleanup Enterprise through a pattern of
19 racketeering activity within the meaning of 18 U.S.C. § 1961(1) that employed the use of mail and
20 wire, radio, or television, in violation of 18 U.S.C. § 1341 (mail fraud) and § 1343 (wire fraud).

21     82.    Defendants' use of the mail and wires to further their scheme to defraud the United
22 States government includes, but is not limited to the transmission of:

23         a.    Reports from Excavation Defendants to Contractor Defendants falsely
24             overstating the weight of contaminated soil removed from subject properties;
25         b.    Reports from Monitor Defendants to Contractor Defendants falsely
26             confirming that Excavation Defendants had removed only contaminated soil
27             from subject properties;
28

13

c.    Reports from Contractor Defendants to the USACE and FEMA falsely overstating the weight of contaminated soil removed from subject properties and fraudulently representing that Defendants had removed only contaminated soil from subject properties.

d.    Documents and communications between Defendants discussing role each Defendant would play in the Cleanup Enterprise's scheme to defraud the United States government.

83.    Defendants, including Contractor Defendants, traveled or sent mail across state lines for the purpose of forming the Cleanup Enterprise or engaging in the conduct of the Enterprise.

84.    Defendants acted with the specific intent to defraud or deceive the United States government.

85.    Defendants committed, conspired to commit, or aided and abetted in the commission of at least two acts of racketeering activity within the past 10 years. The multiple acts of racketeering activity committed by Defendants were related to each other and posed a threat of continued racketeering activity, and therefore constituted a pattern of racketeering activity.

86.    As a result of the Enterprise's conduct, Plaintiffs suffered injury to property in the value of uncontaminated or untested soil excavated and cost to backfill the land.

87.    The conduct of the Enterprise was a proximate cause of Plaintiffs' harm.

88.    As a result of Defendants' conduct, Plaintiffs are entitled to treble damages and attorney fees and costs under 18 U.S.C. § 1962 and any other applicable law.

**SECOND CAUSE OF ACTION**
**UNLAWFUL, FRADULENT BUSINESS PRACTICES**
**(Bus. & Prof. Code §§ 17200, et seq.)**

89.    Plaintiffs reallege and incorporate the above allegations by reference as if set forth fully herein.

90.    Business & Professions Code §§ 17200 *et seq.* prohibits acts of "unfair competition," which is defined by Business & Professions Code § 17200 as including "any unlawful, unfair or fraudulent business act or practice." Defendants' conduct, as described above, constitutes unlawful, unfair, or fraudulent business acts and practices.



14

1    91.    Defendants have violated and continue to violate Business & Professions Code §

2    17200's prohibition against engaging in "unlawful" business acts or practices by, *inter alia*:

3        a.    Violating 18 U.S.C. § 1962, as set forth above;

4        b.    Violating 18 U.S.C. §§ 1341, 1343, and 1952, as set forth above;

5        c.    Committing trespass, as set forth below;

6        d.    Committing conversion, as set for the below; and

7        e.    Committing trespass to chattels, as set for the below.

8    92.    Defendants' conduct does not benefit competition. Indeed, the injury to Plaintiffs as

9    a result of Defendants' conduct is substantial and far greater than any alleged countervailing benefit.

10    93.    Plaintiffs could not have reasonably avoided the injury each of them suffered.

11    94.    The gravity of the consequences of Defendants' conduct as described above

12    outweighs any justification, motive or reason therefore, is immoral, unethical, oppressive,

13    unscrupulous, and is contrary to the public welfare since it transgresses civil statutes of the State of

14    California designed to protect workers from exploitation.

15    95.    At all relevant times, Defendants exceeded their right of entry onto Plaintiffs'

16    properties.

17    96.    Plaintiffs have suffered injury in fact and lost money or property as a result of

18    Defendants' unlawful business acts and practices through the wrongful taking of excessive soil from

19    Plaintiffs' properties.

20    97.    By and through its unlawful business practices and acts described herein, Defendants

21    have obtained valuable property from Plaintiffs and have deprived Plaintiffs of valuable property,

22    all to their detriment.

23    98.    As a result of Defendants' violations of the Business and Professions Code § 17200,

24    Plaintiffs seek an order of this Court enjoining Defendants' continued violations. Plaintiffs also seek

25    an order for restitution, disgorgement, and all other relief allowed under the UCL, including interest

26    and attorneys' fees pursuant to, *inter alia*, Cal. Code of Civ. Proc. § 1021.5.

27    //

28



15 -

1

**THIRD CAUSE OF ACTION**
**TRESPASS**

2

99.     Plaintiffs reallege and incorporate the above allegations by reference as if set forth

3
fully herein.

4

100.    Plaintiffs owned the subject properties.

5

101.    Plaintiffs permitted Defendants to enter onto the subject properties for the purpose

6
of removing debris, ash, and contaminated soil as outlined by Defendants' contract with the USACE.

7
Defendants were not permitted to excavate uncontaminated or untested soil deeper than 6 inches or

8
trees that posed no obstacle to access or hazard to worker safety.

9

102.    Defendants entered onto Plaintiffs' property and intentionally or negligently

10
removed uncontaminated or untested soil deeper than 6 inches or trees that posed no obstacle to

11
access or hazard to worker safety.

12

103.    Plaintiffs did not give Defendants permission to enter onto their property to remove

13
uncontaminated or untested soil or trees that posed no obstacle to access or hazard to worker safety

14
and Defendants exceeded their permission to enter the property.

15

104.    As a direct, proximate, and foreseeable result of Defendants' unauthorized

16
excavation of uncontaminated or untested soil or trees that posed no obstacle to access or hazard to

17
worker safety, Plaintiffs suffered injury to their land and peaceful enjoyment of their property,

18
including the cost to backfill the removed soil.

19

105.    By the conduct described herein, Defendants have infringed upon Plaintiffs' property

20
rights and caused injury to real property, annoyance, and discomfort.  Plaintiffs seek an award of

21
restitution, disgorgement, injunctive relief, and all other relief allowed under California law.

22

**FOURTH CAUSE OF ACTION**
**CONVERSION**

23

24

106.    Plaintiffs reallege and incorporate the above allegations by reference as if set forth
fully herein.

25

26

107.    Plaintiffs owned the soil and trees upon their real property. Once said soil or trees
were excavated or severed from the ground, they were transformed into personal property.

27

28



16

1    108.    Defendants substantially interfered with Plaintiffs' soil or trees by knowingly or

.2   intentionally taking possession of them and removing them from Plaintiffs' land.

3    109.    Plaintiffs permitted Defendants to remove contaminated soil and trees as outlined by

4    Defendants' contract with the USACE. Defendants were not permitted to excavate uncontaminated

5    or untested soil deeper than 6 inches or trees that posed no obstacle to access or hazard to worker

6    safety.

7    110.    Defendants knowingly or intentionally removed uncontaminated or untested soil

8    deeper than 6 inches or trees that posed no obstacle to access or hazard to worker safety.

9    111.    Plaintiffs did not give Defendants permission to remove uncontaminated or untested

10   soil or trees that posed no obstacle to access or hazard to worker safety.

11   112.    As a result of Defendants' conduct, Plaintiff suffered a wrongful loss of soil or trees

12   from their properties.

13   113.    Defendants' conduct was a substantial factor in causing Plaintiffs' harm.

14   114.    By the conduct described herein, Defendants have interfered with Plaintiffs'

15   possessory rights wrongfully taken Plaintiffs' personal property.  Plaintiffs seek an award of

16   restitution, disgorgement, injunctive relief, and all other relief allowed under California law.

17                          **FIFTH CAUSE OF ACTION**
                            **TRESPASS TO CHATTELS**

18   115.    Plaintiffs reallege and incorporate the above allegations by reference as if set forth

19   fully herein.

20   116.    Plaintiffs owned the soil and trees upon their real property. Once said soil and trees

21   were excavated or severed from the ground, they were transformed into personal property.

22   117.    Defendants intentionally interfered with Plaintiffs' possession of soil and trees by

23   knowingly or intentionally taking possession of them and removing them from Plaintiffs' land.

24   118.    Plaintiffs permitted Defendants to remove contaminated soil and trees as outlined by

25   Defendants' contract with the USACE. Defendants were not permitted to excavate uncontaminated

26   or untested soil deeper than 6 inches or trees that posed no obstacle to access or hazard to worker

27   safety.

28



17

1    119.    Defendants knowingly or intentionally removed uncontaminated or untested soil
2    deeper than 6 inches or trees that posed no obstacle to access or hazard to worker safety.

3    120.    Plaintiff did not give Defendants permission to remove uncontaminated or untested
4    soil or trees that posed no obstacle to access or hazard to worker safety.

5    121.    As a result of Defendants' conduct, Plaintiff suffered a wrongful loss of soil or trees
6    from their properties.

7    122.    Defendants' conduct was a substantial factor in causing Plaintiffs' harm.

8    123.    By the conduct described herein, Defendants have interfered with Plaintiffs'
9    possessory rights wrongfully taken Plaintiffs' personal property.  Plaintiffs seek an award of
10   restitution, disgorgement, injunctive relief, and all other relief allowed under California law.

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28



FIRST AMENDED CLASS ACTION COMPLAINT FOR DAMAGES

## PRAYER FOR RELIEF

WHEREFORE, Plaintiffs pray for judgment against Defendants as follows:

A.  An order certifying this case as a class action and appointing Plaintiffs CHARLOTTE HORNE, WILBERT HORNE, JAMES GEHRKE, RUTH GEHRKE, BARBARA ZOELLNER, and CHARLES T. WALTER, JR. as class representatives and their counsel the Arns Law Firm to represent the Class;

B.  For actual and compensatory damages according to proof pursuant to the Racketeering Influenced and Corrupt Organizations Act, Civil Code, common law, and all other applicable laws and regulations;

C.  For liquidated damages to the extent permitted by law;

D.  For an order enjoining Defendants from continuing to engage in the conduct described herein;

E.  For restitution and disgorgement to the extent permitted by applicable law;

F.  For civil and statutory penalties available under applicable law;

G.  For pre-judgment and post-judgment interest;

H.  For an award of attorneys' fees, costs and expenses as authorized by applicable law; and

I.  For such other and further relief as this Court may deem just and proper.

### JURY DEMAND

Plaintiffs demand a trial by jury on all causes of action so triable.

ROBERT S. ARNS
JONATHAN E. DAVIS
KEVIN S. OSBORNE
JULIE C. ERICKSON
SHOUNAK S. DHARAP
**THE ARNS LAW FIRM**



19

FIRST AMENDED CLASS ACTION COMPLAINT FOR DAMAGES

**PROOF OF SERVICE**
**(CCP §§ 1013(a) and 2015.5; FRCP 5)**

State of California,              )
                                  )   ss.
County of Alameda.                )

      I am employed in the County of Alameda, State of California. I am over the age of 18 and not a party to the within action; my business address is 1999 Harrison St., Suite 1700, Oakland, California 94612.

      On this date, I served the foregoing document described as **NOTICE OF REMOVAL OF ACTION UNDER 28 U.S.C. § 1441(a) and 1446(a) and (b)(1)** on the interested parties in this action by placing same in a sealed envelope, addressed as follows:

**SEE ATTACHED SERVICE LIST**

☒ **(BY MAIL)** - I caused such envelope(s) with postage thereon fully prepaid to be placed in the United States mail in Oakland, California to be served on the parties as indicated on the attached service list. I am "readily familiar" with the firm's practice of collection and processing correspondence for mailing. Under that practice, it would be deposited with the U.S. Postal Service on that same day with postage thereon fully prepaid at Oakland, California in the ordinary course of business. I am aware that on motion of the party served, service is presumed invalid if postal cancellation date or postage meter date is more than one day after date of deposit for mailing in affidavit.

☐ **(BY CERTIFIED MAIL)** – I caused such envelope(s) with postage thereon fully prepaid via Certified Mail Return Receipt Requested to be placed in the United States Mail in Oakland, California.

☐ **BY EXPRESS MAIL OR ANOTHER METHOD OF DELIVERY PROVIDING FOR OVERNIGHT DELIVERY**

☐ **(BY ELECTRONIC FILING AND/OR  SERVICE)** – I served a true copy, with all exhibits, electronically on designated recipients listed on the attached Service List on: _____ (Date) at _____ (Time)

☐ **FEDERAL EXPRESS** - I caused the envelope to be delivered to an authorized courier or driver authorized to receive documents with delivery fees provided for.

☐ **(BY FACSIMILE)** - I caused the above-described document(s) to be transmitted to the offices of the interested parties at the facsimile number(s) indicated on the attached Service List and the activity report(s) generated by facsimile number (510) 844-5101 indicated all pages were transmitted.

☐ **(BY PERSONAL SERVICE)** - I caused such envelope(s) to be delivered by hand to the office(s) of the addressee(s).

      Executed on **November 28, 2018** at Oakland, California.

☐ **(STATE)** - I declare under penalty of perjury under the laws of the State of California that the above is true and correct.

☒ **(FEDERAL)** - I declare that I am employed in the office of a member of the bar of this court at whose direction the service was made.

_Anna Yogore_
ANNA M. YOGORE
ayogore@ccmslaw.com

**CHARLOTTE HORNE, et al. v. ASHBRITT, INC., et al.**
**USDC – NORTHERN DISTRICT OF CA CASE NO. 18-7181**
**Our File No. 21469**

**<u>SERVICE LIST</u>**

Robert S. Arns
Jonathan E. Davis
Kevin M. Osborne
Julie C. Erickson
Shounak S. Dharap
THE ARNS LAW FIRM
515 Folsom Street, 3rd Floor
San Francisco, CA 94105
Tel (415) 495-7800 - Fax: (415) 495-7888
**ATTORNEY FOR PLAINTIFFS**