Robert S. Arns, State Bar No. 65071
rsa@arnslaw.com
Jonathan E. Davis, State Bar No. 191346
jed@arnslaw.com
Kevin M. Osborne, State Bar No. 261367
kmo@arnslaw.com
Julie C. Erickson, State Bar No. 293111
jce@arnslaw.com
Shounak S. Dharap, State Bar No. 311557
ssd@arnslaw.com
**THE ARNS LAW FIRM**
515 Folsom Street, 3rd Floor
San Francisco, CA 94105
Tel: (415) 495-7800
Fax: (415) 495-7888

Attorneys for Plaintiffs

UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF CALIFORNIA
OAKLAND DIVISION

CHARLOTTE HORNE, WILBERT HORNE, JAMES GEHRKE, RUTH GEHRKE, BARBARA ZOELLNER, and CHARLES T. WALTER, JR., Individually and on Behalf of All Other Similarly Situated Persons,

Plaintiffs,

vs.

ENVIRONMENTAL CHEMICAL CORPORATION, dba ECC REMEDIATION SERVICES; TETRA TECH, INC.; and Does 1 through 100, inclusive,

Defendants.

Case No. 4:18-cv-07181-DMR

[Case Assigned to the Hon. Magistrate Donna M. Ryu, Courtroom 4 –3rd Floor, Oakland]

**CLASS ACTION COMPLAINT FOR DAMAGES [F.R.C.P. 23]**

**DEMAND FOR JURY TRIAL**

Complaint Filed: 08/23/2018

Plaintiffs CHARLOTTE HORNE, WILBERT HORNE, JAMES GEHRKE, RUTH GEHRKE, BARBARA ZOELLNER, and CHARLES T. WALTER, JR., on behalf of themselves and all others similarly situated, (collectively "Plaintiffs") bring this action against Defendants TETRA TECH, INC. ("Tetra Tech"); ENVIRONMENTAL CHEMICAL CORPORATION, dba ECC REMEDIATION SERVICES ("ECC"); and Does 1 through 100 (collectively "Defendants"), and allege, upon information and belief, except as to their own actions, the investigation of their counsel, and the facts that are a matter of public record, as follows:

1. As alleged herein, Plaintiffs are property owners and residents of the areas of Northern California affected by the wildfires of October 2017. Plaintiffs suffered harm to real property and misappropriation of personal property by Defendants, who were responsible for excavating contaminated soil from areas affected by the fires. This included the loss of personal property, damage to real property, and annoyance and discomfort.

2. During the course of Defendants' debris removal, Defendants improperly removed excessive amounts of soil, structures, vegetation, or other land or materials, all of which were unaffected and uncontaminated by the wildfires.

3. Defendant ECC and Defendant Tetra Tech removed excessive amounts of soil in order to increase the total weight of material removed from Plaintiffs properties, for which the United States government paid between $200 and $300 per ton.

4. Plaintiffs seek actual or compensatory damages, restitution, equitable relief, costs and expenses of litigation, including attorneys' fees, and all additional and further relief that may be available and that the Court may deem appropriate and just under all of the circumstances, individually and on behalf of a proposed class defined below ("the Class").

**JURISDICTION AND VENUE**

5. This class action is brought pursuant to Rule 23 of the Federal Rules of Civil Procedure and seeks to remedy Defendants' violations of state law, including the UCL, and common law torts, arising from and related to Defendants' wrongful excavation and removal of uncontaminated or untested soil from Plaintiffs' properties.

THE ARNS LAW FIRM A PROFESSIONAL CORPORATION

6. This action was removed to federal court on federal question grounds. This Court has original jurisdiction over this action pursuant to 28 U.S.C. § 1331.

7. This Court also has supplemental jurisdiction pursuant to 28 U.S.C. § 1367 over Plaintiffs' California UCL and common law claims because the claims originate from a common nucleus of operative fact.

8. Venue is proper in this Court pursuant to 28 U.S.C. 1391(b) because, *inter alia*, Defendant ECC resides in this judicial district and both Defendants are residents of California, and because a substantial portion of the acts and omissions giving rise to Plaintiffs' claims occurred in this judicial district.

## PARTIES

**Plaintiffs**

9. Plaintiff CHARLOTTE HORNE is a resident of the State of California. During the class period, CHARLOTTE HORNE owned real property in Napa County on which Defendants performed cleanup services relating to the Northern California Fires. During the cleanup, Defendants removed excessive amounts of soil, structures, vegetation, or other land or materials from Plaintiff CHARLOTTE HORNE'S property, resulting in damage to real property, loss of personal property, and annoyance and discomfort.

10. Plaintiff WILBERT HORNE is a resident of the State of California. During the class period, WILBERT HORNE owned real property in Napa County on which Defendants performed cleanup services relating to the Northern California Fires. During the cleanup, Defendants removed excessive amounts of soil, structures, vegetation, or other land or materials from Plaintiff WILBERT HORNE'S property, resulting in damage to real property, loss of personal property, and annoyance and discomfort.

11. Plaintiff JAMES GEHRKE is a resident of the State of California. During the class period, JAMES GEHRKE owned real property in Napa County on which Defendants performed cleanup services relating to the Northern California Fires. During the cleanup, Defendants removed excessive amounts of soil, structures, vegetation, or other land or materials from Plaintiff JAMES

THE ARNS LAW FIRM A PROFESSIONAL CORPORATION

GEHRKE'S property, resulting in damage to real property, loss of personal property, and annoyance and discomfort.

12. Plaintiff RUTH GEHRKE is a resident of the State of California. During the class period, RUTH GEHRKE owned real property in Napa County on which Defendants performed cleanup services relating to the Northern California Fires. During the cleanup, Defendants removed excessive amounts of soil, structures, vegetation, or other land or materials from Plaintiff RUTH GEHRKE's property, resulting in damage to real property, loss of personal property, and annoyance and discomfort.

13. Plaintiff BARBARA ZOELLNER is a resident of the State of California. During the class period, BARBARA ZOELLNER owned real property in Napa County on which Defendants performed cleanup services relating to the Northern California Fires. During the cleanup, Defendants removed excessive amounts of soil, structures, vegetation, or other land or materials from Plaintiff BARBARA ZOELLNER's property, resulting in damage to real property, loss of personal property, and annoyance and discomfort.

14. Plaintiff CHARLES T. WALTER, JR. is a resident of the State of California. During the class period, CHARLES T. WALTER, JR. owned real property in Napa County on which Defendants performed cleanup services relating to the Northern California Fires. During the cleanup, Defendants removed excessive amounts of soil, structures, vegetation, or other land or materials from Plaintiff CHARLES T. WALTER, JR.'s property, resulting in damage to real property, loss of personal property, and annoyance and discomfort.

**Contractor Defendants**

15. Plaintiffs are informed and believe that Defendant ECC and DOES 1 through 10 contracted with the United States Army Corps of Engineers to enter onto private properties affected by the Northern California Wildfires to demolish structures and objects damaged by fire, excavate contaminated soil, clear land, and remove or haul debris.

16. Defendant ECC is a Kentucky corporation with its principal place of business located at 1240 Bayshore Highway in Burlingame, California and maintains substantial ongoing business operations throughout California, including Napa County. ECC is in the business of debris removal



and disaster related general contracting. ECC was responsible for hiring subcontractors to complete the work in which it was engaged under the contract with the Army Corps of Engineers.

17. The true names and capacities, whether individual, corporate, associate, or otherwise, of other Contractor Defendants designated herein as Does 1 through 10, inclusive, are presently unknown to Plaintiffs and thus sued by such fictitious names. On information and belief, each of the Defendants designated herein as "Doe" is legally responsible for the events and actions alleged herein, and proximately caused or contributed to the injuries and damages as hereinafter described. Plaintiffs will seek leave to amend this complaint, in order to show the true names and capacities of such parties, when the same has been ascertained.

**Monitor Defendants**

18. Plaintiffs are informed and believe that Defendant Contractor Defendants contracted Defendant Tetra Tech and DOES 11 through 20 to monitor, supervise, inspect, and direct the work of ECC and other subcontractor Defendants.

19. Defendant Tetra Tech is a California corporation with its principal place of business located at 3475 East Foothill Boulevard in Pasadena, California and maintains substantial ongoing business operations in California, including in Napa County. Tetra Tech is in the business of consulting, engineering, program management, and construction management.

20. The true names and capacities, whether individual, corporate, associate, or otherwise, of other Monitor Defendants designated herein as Does 11 through 20, inclusive, are presently unknown to Plaintiffs and thus sued by such fictitious names. On information and belief, each of the Defendants designated herein as "Doe" is legally responsible for the events and actions alleged herein, and proximately caused or contributed to the injuries and damages as hereinafter described. Plaintiffs will seek leave to amend this complaint, in order to show the true names and capacities of such parties, when the same has been ascertained.

**Excavation Defendants**

21. Plaintiffs are informed and believe that Contractor Defendants contracted DOES 21 through 30, inclusive (hereinafter collectively referred to as "Excavation Defendants") to enter onto

private properties affected by the Northern California Wildfires and demolish structures and objects damaged by fire, excavate surface terrain, clear land, and remove or haul debris.

22. The true names and capacities, whether individual, corporate, associate, or otherwise, of other Excavation Defendants designated herein as Does 21 through 50, inclusive, are presently unknown to Plaintiffs and thus sued by such fictitious names. On information and belief, each of the Defendants designated herein as "Doe" is legally responsible for the events and actions alleged herein, and proximately caused or contributed to the injuries and damages as hereinafter described. Plaintiffs will seek leave to amend this complaint, in order to show the true names and capacities of such parties, when the same has been ascertained.

**Unknown Defendants**

23. The true names and capacities, whether individual, corporate, associate, or otherwise, of the Defendants designated herein as Does 51 through 100, inclusive, are presently unknown to Plaintiffs and thus sued by such fictitious names. On information and belief, each of the Defendants designated herein as "Doe" is legally responsible for the events and actions alleged herein, and proximately caused or contributed to the injuries and damages as hereinafter described. Plaintiffs will seek leave to amend this complaint, in order to show the true names and capacities of such parties, when the same has been ascertained.

24. On information and belief, at all times herein mentioned, each Defendant was the agent, partner, joint venturer, representative, or employee of the remaining Defendants, and was acting within the course and scope of such agency, partnership, joint venture, or employment. Furthermore, in engaging in the conduct described below, the Defendants were all acting with the express or implied knowledge, consent, authorization, approval, or ratification of their co-Defendants.

## CLASS ACTION ALLEGATIONS

25. Plaintiffs bring this action as a class action pursuant to Federal Rules of Civil Procedure, Rule 23, on behalf of themselves and the following Class:

> All owners of real property in Sonoma, Lake, Mendocino, and Napa Counties on whose land Excavation Defendants performed cleanup work in relation to wildfire damage from October 2017 to the present.

THE ARNS LAW FIRM A PROFESSIONAL CORPORATION

Excluded from this Class are Defendants and the Judge to whom this case is assigned.

Plaintiffs reserve the right to amend this Class definition if discovery or further investigation demonstrates that the Class should be expanded or otherwise modified.

26. **Numerosity of the Class.** The members of the Class are so numerous that joinder of all members would be impracticable. The precise number of members of the Class and their addresses are presently unknown to Plaintiffs, but is presumed to be in excess of 25. The precise number of persons in the Class and their identities and addresses may be ascertained from Defendants' records. If deemed necessary by the Court, members of the Class may be notified of the pendency of this action by mail, supplemented by published notice.

27. **Existence of Predominance of Common Questions of Fact and Law.** There are questions of law and fact common to the members of the Class that predominate over any questions affecting only individual members, including:

a. Whether Defendants trespassed onto Plaintiffs' real property, thereby causing damage to land;

b. Whether Defendants interfered with the possessory rights of Plaintiffs' personal property,

c. Whether Defendants' conduct violated Business and Professions Code §§ 17200, *et seq.*;

d. Whether Defendants' conduct otherwise violated California law;

e. Whether Defendants are jointly or severally liable or otherwise legally responsible for violations alleged herein under an agency or other theory; and

f. Whether, as a result of Defendants' misconduct, Plaintiffs are entitled to damages, restitution, equitable relief or other damages and relief, and, if so, the amount and nature of such relief.

28. **Typicality.** Plaintiffs' claims are typical of the claims of the members of the Class. Plaintiffs have no interests antagonistic to those of the Class and are not subject to any unique defenses.

THE ARNS LAW FIRM A PROFESSIONAL CORPORATION

29. **Adequacy.** Plaintiffs will fairly and adequately protect the interests of all members of the Class and have retained attorneys experienced in class action and complex litigation.

30. **Superiority.** A class action is superior to all other available methods for the fair and efficient adjudication of this controversy for, *inter alia*, the following reasons:

    a. It is economically impractical for members of the Class to prosecute individual actions;

    b. The Class is readily definable;

    c. Prosecution as a class action will eliminate the possibility of repetitious litigation; and

    d. A class action will enable claims to be handled in an orderly and expeditious manner, will save time and expense, and will ensure uniformity of decisions.

31. Plaintiffs do not anticipate any difficulty in the management of this litigation.

## FACTUAL ALLEGATIONS

### The North Bay Fires

32. In October 2017, a series of wildfires ignited and spread across Northern California, causing extensive damage throughout Sonoma, Napa, Mendocino, Solano, Lake, Butte, Calaveras, Nevada, and Yuba Counties. These fires claimed the lives of 43 individuals, injured others, burned over 245,000 acres, and destroyed over 14,700 homes.

33. On October 10, 2017, the President of the United States declared the Northern California Wildfires a major disaster and ordered federal aid to supplement recovery efforts in areas affected by the wildfires. The Federal Emergency Management Agency ("FEMA") was responsible for coordinating these efforts.

### North Bay Fire Cleanup and Debris Removal

34. Under the auspices of FEMA, the Army Corps of Engineers oversaw and coordinated contractors' recovery efforts following the North Bay Fires ("the Cleanup Project").

35. Around October 2017, the Army Corps of Engineers contracted with Defendant ECC to manage the Cleanup Project.



36. Specifically, ECC was responsible for performing initial site reconnaissance and individual site assessments; monitoring air quality and preventing storm water pollution; segregating ash, metals, and concrete for transport to appropriate disposal or recycling facilities; finishing surfaces and removing topsoil; removing trees; and testing soil for contamination.

37. ECC hired a number of subcontractors to perform the cleanup work and contracted Defendant Tetra Tech to monitor and direct portions of the work.

**Excessive Excavation & Removal**

38. The Army Corps of Engineers contract required the removal of 3 to 6 inches of contaminated soil from the surface of Plaintiffs' properties.

39. Defendants were then required to sample and analyze the remaining soil surface for additional contamination.

40. If the contamination levels were higher than the California Human Health Screening Levels set by the Office of Health Hazard Assessment (https://oehha.ca.gov/chhsltable), Defendants were required to re-sample and remove small layers of soil (1.5 to 3 inches at a time) until the remaining soil met the safety threshold.

41. Upon information and belief, Plaintiffs allege that Defendants routinely removed excessive amounts of soil, up to six (6) feet in depth, far more than was necessary to dispose of contaminants, without performing sampling to determine whether the soil was contaminated.

42. The Army Corps of Engineers contract allowed the removal of trees on private property only when the trees prohibited the debris removal crews from performing their work or if the trees posed a threat to the debris removal crews.

43. Upon information and belief, Plaintiffs allege that Defendants routinely removed trees that did not fit the criteria for removal.

44. The Army Corps of Engineers compensated ECC between $200 and $300 per ton of debris, including excavated soil and cut down trees, and transported to a disposal site.

45. Defendant ECC similarly compensated its subcontractors for excavation based on the weight of the debris, including excavated soil and cut down trees, removed.

46. Because Defendants' compensation for excavation was based on the weight of the soil removed, Defendants were incentivized to over-excavate with no consideration for contamination levels in order to increase the weight of their loads, and consequently, their profit.

47. As a result, Plaintiffs and Class Members incurred and will continue to incur significant costs to backfill trenches left by Defendants' excessive excavation.

48. Similarly, Plaintiffs and Class Members incurred and will continue to incur significant loss associated with the unnecessary removal of trees from their properties.

**FIRST CAUSE OF ACTION**
**UNLAWFUL, FRADULENT BUSINESS PRACTICES**
**(Bus. & Prof. Code §§ 17200, *et seq*.)**

49. Plaintiffs reallege and incorporate the above allegations by reference as if set forth fully herein.

50. Business & Professions Code §§ 17200 *et seq*. prohibits acts of "unfair competition," which is defined by Business & Professions Code § 17200 as including "any unlawful, unfair or fraudulent business act or practice." Defendants' conduct, as described above, constitutes unlawful, unfair, or fraudulent business acts and practices.

51. Defendants have violated and continue to violate Business & Professions Code § 17200's prohibition against engaging in "unlawful" business acts or practices by, *inter alia*:

a. Committing trespass, as set forth below;

b. Committing conversion, as set for the below; and

c. Committing trespass to chattels, as set for the below.

52. Defendants' conduct does not benefit competition. Indeed, the injury to Plaintiffs as a result of Defendants' conduct is substantial and far greater than any alleged countervailing benefit.

53. Plaintiffs could not have reasonably avoided the injury each of them suffered.

54. The gravity of the consequences of Defendants' conduct as described above outweighs any justification, motive or reason therefore, is immoral, unethical, oppressive, unscrupulous, and is contrary to the public welfare since it transgresses civil statutes of the State of California designed to protect citizens from harm to their properties.

55. At all relevant times, Defendants exceeded their right of entry onto Plaintiffs' properties.

56. Plaintiffs have suffered injury in fact and lost money or property as a result of Defendants' unlawful business acts and practices through the wrongful taking of excessive soil from Plaintiffs' properties.

57. By and through its unlawful business practices and acts described herein, Defendants have obtained valuable property from Plaintiffs and have deprived Plaintiffs of valuable property, all to their detriment.

58. As a result of Defendants' violations of the Business and Professions Code § 17200, Plaintiffs seek an order of this Court enjoining Defendants' continued violations. Plaintiffs also seek an order for restitution, disgorgement, and all other relief allowed under the UCL, including interest and attorneys' fees pursuant to, *inter alia*, Cal. Code of Civ. Proc. § 1021.5.

**SECOND CAUSE OF ACTION**
**TRESPASS**

59. Plaintiffs reallege and incorporate the above allegations by reference as if set forth fully herein.

60. Plaintiffs owned the subject properties.

61. Plaintiffs permitted Defendants to enter onto the subject properties for the purpose of removing debris, ash, and contaminated soil as outlined by Defendants' contract with the Army Corps of Engineers. Defendants were not permitted to excavate uncontaminated or untested soil deeper than 6 inches or trees that posed no obstacle to access or hazard to worker safety.

62. Defendants entered onto Plaintiffs' property and intentionally or negligently removed uncontaminated or untested soil deeper than 6 inches or trees that posed no obstacle to access or hazard to worker safety.

63. Plaintiffs did not give Defendants permission to enter onto their property to remove uncontaminated or untested soil or trees that posed no obstacle to access or hazard to worker safety and Defendants exceeded their permission to enter the property.

64. As a direct, proximate, and foreseeable result of Defendants' unauthorized excavation of uncontaminated or untested soil or trees that posed no obstacle to access or hazard to worker safety, Plaintiffs suffered injury to their land and peaceful enjoyment of their property, including the cost to backfill the removed soil.

65. By the conduct described herein, Defendants have infringed upon Plaintiffs' property rights and caused injury to real property, annoyance, and discomfort. Plaintiffs seek an award of restitution, disgorgement, injunctive relief, and all other relief allowed under California law.

**THIRD CAUSE OF ACTION**
**CONVERSION**

66. Plaintiffs reallege and incorporate the above allegations by reference as if set forth fully herein.

67. Plaintiffs owned the soil and trees upon their real property. Once said soil or trees were excavated or severed from the ground, they were transformed into personal property.

68. Defendants substantially interfered with Plaintiffs' soil or trees by knowingly or intentionally taking possession of them and removing them from Plaintiffs' land.

69. Plaintiffs permitted Defendants to remove contaminated soil and trees as outlined by Defendants' contract with the Army Corps of Engineers. Defendants were not permitted to excavate uncontaminated or untested soil deeper than 6 inches or trees that posed no obstacle to access or hazard to worker safety.

70. Defendants knowingly or intentionally removed uncontaminated or untested soil deeper than 6 inches or trees that posed no obstacle to access or hazard to worker safety.

71. Plaintiffs did not give Defendants permission to remove uncontaminated or untested soil or trees that posed no obstacle to access or hazard to worker safety.

72. As a result of Defendants' conduct, Plaintiff suffered a wrongful loss of soil or trees from their properties.

73. Defendants' conduct was a substantial factor in causing Plaintiffs' harm.



74. By the conduct described herein, Defendants have interfered with Plaintiffs' possessory rights wrongfully taken Plaintiffs' personal property. Plaintiffs seek an award of restitution, disgorgement, injunctive relief, and all other relief allowed under California law.

//

**FOURTH CAUSE OF ACTION**
**TRESPASS TO CHATTELS**

75. Plaintiffs reallege and incorporate the above allegations by reference as if set forth fully herein.

76. Plaintiffs owned the soil and trees upon their real property. Once said soil and trees were excavated or severed from the ground, they were transformed into personal property.

77. Defendants intentionally interfered with Plaintiffs' possession of soil and trees by knowingly or intentionally taking possession of them and removing them from Plaintiffs' land.

78. Plaintiffs permitted Defendants to remove contaminated soil and trees as outlined by Defendants' contract with the Army Corps of Engineers. Defendants were not permitted to excavate uncontaminated or untested soil deeper than 6 inches or trees that posed no obstacle to access or hazard to worker safety.

79. Defendants knowingly or intentionally removed uncontaminated or untested soil deeper than 6 inches or trees that posed no obstacle to access or hazard to worker safety.

80. Plaintiff did not give Defendants permission to remove uncontaminated or untested soil or trees that posed no obstacle to access or hazard to worker safety.

81. As a result of Defendants' conduct, Plaintiff suffered a wrongful loss of soil or trees from their properties.

82. Defendants' conduct was a substantial factor in causing Plaintiffs' harm.

83. By the conduct described herein, Defendants have interfered with Plaintiffs' possessory rights wrongfully taken Plaintiffs' personal property. Plaintiffs seek an award of restitution, disgorgement, injunctive relief, and all other relief allowed under California law.



**PRAYER FOR RELIEF**

WHEREFORE, Plaintiffs pray for judgment against Defendants as follows:

A. An order certifying this case as a class action and appointing Plaintiffs CHARLOTTE HORNE, WILBERT HORNE, JAMES GEHRKE, RUTH GEHRKE, BARBARA ZOELLNER, and CHARLES T. WALTER, JR. as class representatives and their counsel the Arns Law Firm to represent the Class;

B. For actual and compensatory damages according to proof pursuant to the Civil Code, common law, and all other applicable laws and regulations;

C. For liquidated damages to the extent permitted by law;

D. For an order enjoining Defendants from continuing to engage in the conduct described herein;

E. For restitution and disgorgement to the extent permitted by applicable law;

F. For civil and statutory penalties available under applicable law;

G. For pre-judgment and post-judgment interest;

H. For an award of attorneys' fees, costs and expenses as authorized by applicable law; and

I. For such other and further relief as this Court may deem just and proper.

**JURY DEMAND**

Plaintiffs demand a trial by jury on all causes of action so triable.

_____/S/ Kevin. M Osborne______
ROBERT S. ARNS
JONATHAN E. DAVIS
KEVIN M. OSBORNE
JULIE C. ERICKSON
SHOUNAK S. DHARAP
**THE ARNS LAW FIRM**

