NOSSAMAN LLP
JAMES H. VORHIS (SBN 245034)
jvorhis@nossaman.com
DAVID C. LEE (SBN 193743)
dlee@nossaman.com
JILL N. JAFFE (SBN 286625)
jjaffe@nossaman.com
ALEXANDER WESTERFIELD (SBN 295676)
awesterfield@nossaman.com
50 California Street, 34th Floor
San Francisco, CA 94111
Telephone:    415.398.3600
Facsimile:    415.398.2438

Attorneys for Defendant TETRA TECH, INC.

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| CHARLOTTE HORNE, WILBERT HORNE, JAMES GEHRKE, RUTH GEHRKE, BARBARA ZOELLNER, and CHARLES T. WALTER, JR., Individually and on Behalf of All Other Similarly Situated Persons,<br><br>Plaintiffs,<br><br>vs.<br><br>ASHBRITT, INC.; TETRA TECH, INC.; RIGHT WAY TREE AND CONSTRUCTION, dba TATE'S TREE SERVICE AND CONSTRUCTION LLC; and Does 1 through 100, inclusive,<br><br>Defendants. | Case No:  4:18-cv-07181-DMR<br><br>**JOINT RESPONSE TO AUGUST 29, 2019 ORDER RE FEDERAL JURISDICTION**<br><br>Date Action Filed: August 23, 2018 |

## I. INTRODUCTION

Pursuant to the Court's Civil Law & Motion and Conference Minute Order ("Order") (ECF No. 61), the parties jointly submit this brief to address the issue of subject matter jurisdiction.  Plaintiffs and Defendants Environmental Chemical Corporation ("ECC") and Tetra Tech, Inc. ("Tetra Tech", and together with Plaintiffs and ECC, the "Parties") agree that this Court has supplemental jurisdiction over the state law claims asserted in this case.  The Parties likewise respectfully submit that the Court should not decline to exercise supplemental jurisdiction simply because the RICO claim was dismissed.  Retaining jurisdiction in *Horne* is particularly appropriate while the court maintains jurisdiction over a related matter entitled *Mason v. AshBritt, et al.*, Northern District of California Case No. 4:19-cv-01062-DMR ("*Mason* Action"), because it advances the interests of economy, convenience, fairness, and comity. *Deluca v. Farmers Ins. Exch.*, 386 F. Supp. 3d 1235, 1268 (N.D. Cal. 2019).

## II. FACTS & PROCEDURAL HISTORY

Plaintiffs filed this case on August 23, 2018 in Napa County Superior Court.  ECF No. 1 at 2.  The Complaint included five causes of action stemming from allegations related to the United States Army Corp of Engineers ("USACE") directed cleanup of Plaintiffs' properties in the wake of the 2017 North Bay wildfires: one under the Racketeering Influenced and Corrupt Organizations Act ("RICO"), 18 U.S.C. §§ 1961 *et seq.*, and four based upon California law.  *Id.* Tetra Tech removed this case, citing this Court's original jurisdiction: this Court had federal question jurisdiction over the RICO claim and supplemental jurisdiction over the related four state law claims.  *Id.* at 3.  Plaintiffs have since amended their complaint twice, and in the process dismissed the RICO cause of action.

On February 19, 2019, Plaintiffs' counsel filed the *Mason* Action, which made substantially similar claims to those alleged here, and included two causes of action under RICO. *See Mason* Action, ECF No. 1.  Tetra Tech is a defendant in both the *Mason* and *Horne* Actions. On March 12, 2019, this Court ordered these cases "related" under Civil Local Rule 3-12.  ECF No. 35 at 2.  Defendants in the *Mason* Action moved to dismiss the RICO claims on July 1, 2019.  Mason Action, ECF Nos. 41, 42.  At the August 29, 2019 hearing on the motions to

1  dismiss, the Court indicated that its tentative ruling was to grant the motions and dismiss the
2  RICO claims with prejudice.  ECF No. 60.  However, those motions remain pending.
3    Following the August 29 hearing, this Court ordered the Parties in the *Horne* Action to
4  submit briefing "addressing whether the court has jurisdiction over this matter and on what
5  basis."  ECF No. 61.

**III. ARGUMENT**

  The *Horne* Action was properly removed to federal court as the Horne Complaint at the time of removal asserted a RICO claim.  28 U.S.C. § 1331.  The Court was not divested of jurisdiction when the Horne Complaint was amended to no longer assert any RICO claim.  Rather, this Court retained supplemental jurisdiction over the related state claims remaining.  Under Section 1367(a), the question is whether the Court will exercise its discretion to *decline* supplemental jurisdiction.  Here, the Parties agree that the Court should not exercise its discretion to decline supplemental jurisdiction in the *Horne* Action, particularly because the Court will likely retain jurisdiction over the *Mason* Action: if the Court adopts its tentative ruling to dismiss the RICO claims, the Court retains supplemental jurisdiction over the remaining related state law claims.  Moreover, the Parties believe the Court will need to also evaluate the potential applicability of the Class Action Fairness Act ("CAFA") in the *Mason* Action, which also provides an additional basis for federal jurisdiction, even though Defendants dispute the merits of Plaintiffs' claims and believe the case is not suitable for class treatment.  Consequently, the Parties believe that the Court may and should exercise supplemental jurisdiction in the *Horne* Action because the relevant interests of economy, convenience, fairness, and comity will be advanced by that outcome.

  **A. This Court Has Discretion to Retain Supplemental Jurisdiction over the Related State Law Claims in This Action Even Though the RICO Claim Was Dismissed**

  This Court may adjudicate the state law claims remaining in this case even though Plaintiffs have dismissed their lone federal claim.  Congress vested district courts with "original jurisdiction of all civil actions arising under the . . . laws . . . of the United States," *e.g.*, the

1  United States Code.  28 U.S.C. § 1331.  "[I]n any civil action of which the district courts have

2  original jurisdiction, the district courts shall have supplemental jurisdiction over all other claims

3  that are so related . . . that they form part of the same case or controversy."  *Id.* § 1367(a).

4  Claims are part of the "same case or controversy" when they share a "common nucleus of

5  operative fact." *Kobold v. Good Samaritan Reg'l Med. Ctr.*, 832 F.3d 1024, 1042 (9th Cir. 2016).

6  Although a court may "decline to exercise supplemental jurisdiction" if it "has dismissed all

7  claims over which it has original jurisdiction," 28 U.S.C. § 1367(c)(3), "**[d]ismissal of the**

8  **federal claims does not deprive a federal court of the power to adjudicate the . . . state**

9  **claims.**" *Nishimoto v. Federman-Bachrach & Assocs.*, 903 F.2d 709, 715 (9th Cir. 1990)

10  (citation omitted) (emphasis added).

11  Plaintiffs' initial complaint (filed in state court) contained a RICO claim, giving this

12  Court original jurisdiction under Section 1331.  That RICO claim "form[s] part of the same case

13  or controversy" as the remaining state law claims, as each claim arises from identical allegations

14  related to the cleanup of Plaintiffs' properties in the wake of the 2017 wildfires.  *See* ECF No. 1.

15  The overlapping allegations thus provided this Court supplemental jurisdiction over the state law

16  claims under Section 1367.  Under *Nishimoto* and other Ninth Circuit case law,[1] the Court may

17  thus retain jurisdiction even though Plaintiffs have dismissed their single federal claim.

18      **B.**   **This Court Should Also Exercise Jurisdiction Here While It Maintains Jurisdiction over the Related *Mason* Action**

19

20  In considering whether to retain jurisdiction, this Court should also consider the status of

21  the related *Mason* Action.  As noted above, this matter has been deemed related to the *Mason*

22  Action under Northern District Local Rule 3-12.  ECF No. 35.[2]  The Parties believe that the

23  Court should exercise its discretion and retain jurisdiction while it maintains jurisdiction in the

24

---

25

26  [1] *See, e.g.*, *Harrell v. 20th Century Ins. Co.*, 934 F2d 203, 205 (9th Cir. 1991) (ongoing exercise of federal jurisdiction proper despite plaintiff dismissing RICO claims following removal).

27  [2] Local Rule 3-12(a) states, "an action is related to another when: (1) The actions concern substantially the same parties, property, transaction or event; and (2) it appears likely that there will be an unduly burdensome duplication of labor and expense or conflicting results if the cases are conducted before different judges."

28

*Mason* Action.

### 1. The Motions to Dismiss in the *Mason* Action Remain Pending

As a preliminary matter, as of the time of this filing the motions to dismiss remain pending in *Mason*. The Court indicated that its tentative ruling was to grant the motions, but so long as they remain pending, there is no question that the Court has jurisdiction over the *Mason* Action.

### 2. The Court Will Need to Evaluate Whether CAFA Applies to *Mason*

In the event the Court grants the motions to dismiss in the *Mason* Action, the Parties note that the Court retains supplemental jurisdiction over the *Mason* state law claims which plainly were related to the RICO claims. As both *Mason* and *Horne* involve claims relating to Defendants' performance under task orders issued by the USACE, this Court is the appropriate venue for adjudicating Plaintiffs' state law claims. Consequently, the Court should retain supplemental jurisdiction. Moreover, it also appears that this Court may have jurisdiction under CAFA. Should the Court not be inclined to exercise supplemental jurisdiction over the state law claims in *Mason*, the Court would nonetheless need to consider whether CAFA jurisdiction exists. CAFA vests the district courts with "original jurisdiction of any civil action in which [1] the amount in controversy exceeds . . . $5,000,000 . . . and [2] is a class action in which . . . any member of a class of plaintiffs is a citizen of a State different from any defendant." 28 U.S.C. § 1332(d)(2). The Parties believe the Court should retain jurisdiction here pending further briefing on CAFA in the *Mason* Action if necessary.[3]

## C. Retaining Jurisdiction over This Case Advances Every Relevant Interest

Adjudicating this case alongside the *Mason* Action furthers the interests of the parties and of justice. When only state claims over which courts have supplemental jurisdiction remain,

---

[3] For example, as to the amount-in-controversy requirement under CAFA, those requirements are met unless "from the face of the pleadings, it is apparent, to a legal certainty, that the plaintiff cannot recover" the threshold amount. *St. Paul Mercury Indem. Co. v. Red Cab. Co.*, 303 U.S. 283, 288 (1938) (interpreting amount-in-controversy requirement of Section 1332's precursor). Later events "which reduce the amount recoverable below the statutory limit do not oust jurisdiction." Id. at 288–89. Thus, it is irrelevant to the jurisdictional issue that Defendants have pending motions to strike the class allegations.

1  "courts consider the four factors of economy, convenience, fairness, and comity when deciding"
2  to retain jurisdiction.  *Deluca*, 386 F. Supp. 3d at 1268.  When there is "significant overlap"
3  between state claims and claims over which a court must exercise jurisdiction, each factor
4  encourages retaining jurisdiction over the state claims.  *Id.* at 1268–69.  The Parties believe that
5  is true here.

6       As to economy and convenience, this case is "related" to the *Mason* Action under Civil
7  Local Rule 3-12.  ECF No. 35 at 2.  As such, "[i]t appears likely that there will be an unduly
8  burdensome duplication of labor and expense" if it and the *Mason* Action "are conducted before
9  different judges."  Civ. Local R. 3-12(a)(2).  The coordination of briefing and proceedings
10 between the cases thus far confirms that keeping them before this Court will streamline the
11 resolution of each.  Likewise, the cases "concern substantially the same parties, property,
12 transaction or event," Civ. Local R. 3-12(a)(1):  Tetra Tech is a defendant in both cases, the
13 cases share Plaintiffs' counsel, and each case brings overlapping causes of action related to
14 cleanup in the wake of the 2017 wildfires under the auspices of the USACE.

15      As to fairness, the relationship between this case and the *Mason* Action likewise entails
16 an undue risk of "conflicting results" if the cases are adjudicated separately, Civ. Local R.
17 3-12(a)(2), in state and federal courts with distinct procedural rules.  This risk is particularly
18 unfair to Tetra Tech: as a defendant common to both cases, it faces the prospect of conflicting
19 rulings on liability for its conduct in the same cleanup project.  *See Blackwell v. SkyWest*
20 *Airlines, Inc.*, 245 F.R.D. 453, 465 (S.D. Cal. 2007) (inconsistent judgments are inherently
21 unfair).

22      And as to comity, "there is no special state law expertise needed to adjudicate" the
23 remaining state claims, *Deluca*, 386 F. Supp. 3d at 1269, which are common-law property torts
24 and California's amply interpreted Unfair Competition Law.

25      Finally, Defendants in both cases anticipate asserting the federal common-law
26 defense/derivative sovereign immunity argument that "government contractors obtain certain
27 immunity in connection with work which they do pursuant to their contractual undertaking with
28 the United States."  *Brady v. Roosevelt S.S. Co.*, 317 U.S. 575, 583 (1943); *see Yearsley v. W.A.*

*Ross Constr. Co.*, 309 U.S. 18 (1940).  The presence of this defense confirms the appropriateness of federal jurisdiction.

**IV.    CONCLUSION**

This Court should continue to exercise jurisdiction over this case under Section 1367.

Dated: September 11, 2019                         THE ARNS LAW FIRM


                                                  By   /s/ Shounak S. Dharap
                                                       Robert S. Arns
                                                       Jonathan E. Davis
                                                       Kevin M. Osborne
                                                       Julie C. Erickson
                                                       Shounak S. Dharap

                                                  Attorneys for Plaintiffs


                                                  COZEN O'CONNOR


                                                  By   /s/ Andrew M. Hutchison
                                                       David S. Shimkin
                                                       Andrew M. Hutchison

                                                  Attorneys for Defendant Environmental
                                                  Chemical Corporation dba ECC Remediation
                                                  Services, Inc.

                                                  NOSSAMAN LLP


                                                  By   /s/ James H. Vorhis
                                                       James H. Vorhis
                                                       David C. Lee
                                                       Jill N. Jaffe
                                                       Alexander Westerfield

                                                  Attorneys for Defendant Tetra Tech, Inc.