Robert S. Arns, State Bar No. 65071 (rsa@arnslaw.com)
Jonathan E. Davis, State Bar No. 191346 (jed@arnslaw.com)
Shounak S. Dharap, State Bar No. 311557 (ssd@arnslaw.com)
**THE ARNS LAW FIRM**
A Professional Corporation
515 Folsom St., 3rd Floor
San Francisco, CA 94109
Tel: (415) 495-7800
Fax: (415) 495-7888

Attorneys for Plaintiffs

UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| CHARLOTTE HORNE, WILBERT HORNE, JAMES GEHRKE, RUTH GEHRKE, BARBARA ZOELLNER, CHARLES T. WALTER, JR., PATRICIA HEALEY, and GARY GOODRICH, Individually and On Behalf of All Others Similarly Situated,<br><br>Plaintiffs,<br><br>v.<br><br>ENVIRONMENTAL CHEMICAL CORPORATION, dba ECC REMEDIATION SERVICES; TETRA TECH, INC..; and DOES 1 through 100, inclusive,<br><br>Defendants. | Case No. 18-cv-07181-DMR<br><br>**UPDATED JOINT CASE MANAGEMENT CONFERENCE STATEMENT**<br><br>Courtroom 4 – 3rd Floor<br>**Judge**: Hon. Donna Ryu<br>**Date**: September 16, 2019<br>**Time:** 1:30 p.m. |

UPDATED JOINT CASE MANAGEMENT CONFERENCE STATEMENT

57137665.v1

Plaintiffs Charlotte Horne, Wilbert Horne, James Gehrke, Ruth Gehrke, Barbara Zoellner, Charles T. Walter, Jr., Patricia Healey, and Gary Goodrich, on behalf of themselves and all others similarly situated (Plaintiffs), and Defendants Tetra Tech, Inc. ("Tetra Tech") and Environmental Chemical Corporation ("ECC") hereby submit this Joint Case Management Statement.  The primary updates to this Joint Case Management Statement pertain to motion practice and discovery contained in Sections 4 and 8, below.

**1.  Jurisdiction and Service**

There are no disputes regarding personal jurisdiction or venue in this matter.  After briefing on the matter, this Court retained jurisdiction of this case by order dated February 17, 2020.  ECF No. 66.  Defendants believe that there is no subject matter jurisdiction because Defendants are entitled to derivative sovereign immunity from suit.

Defendants have been served.

**2.  Factual Background of Action**

**<u>Plaintiffs' Position:</u>** Plaintiffs bring a putative class action under Fed. R. Civ. Proc. Rule 23 on behalf of all owners of real property in Sonoma, Lake, Mendocino, and Napa Counties land contractors overseen, directed, or monitored by ECC and Tetra Tech performed cleanup work in relation to wildfire damage from October 2017 to the present. Plaintiffs contend that Defendants improperly removed excessive amounts of uncontaminated soil, structures, vegetation, or other land or materials.

Plaintiffs allege that ECC was contracted by the U.S. Army Corps of Engineers ("USACE") to manage contractors' recovery efforts following the North Bay Fires. Specifically, Plaintiffs allege that ECC was responsible for performing initial site reconnaissance and individual site assessments; monitoring air quality and preventing storm water pollution; segregating ash, metals, and concrete for transport to appropriate disposal for recycling facilities; finishing surfaces and removing topsoil; removing trees; and testing soil for contamination. Plaintiffs allege that ECC contracted Tetra Tech to monitor and direct portions of the work.

2

57137665.v1

Plaintiffs allege that during the course of Defendants' debris removal, Defendants improperly removed excessive amounts of soil, structures, vegetation, or other land or materials, all of which were unaffected and uncontaminated by the wildfires. Plaintiffs also allege that Defendants left contaminated soil and debris on Plainintffs' and putative class members' properties. As a result, Plaintiffs allege they incurred and will continue to incur significant costs to backfill their land and remedy costs associated with the unnecessary removal of trees from their properties.

**ECC's Position**:

Defendant ECC is a business involved in providing, *inter alia*, certain debris management services. Defendant ECC admits that it contracted with the United States Army Corps of Engineers to enter onto certain private properties affected by the Northern California Wildfires to provide certain services including initial site reconnaissance, individual site assessments, air quality monitoring, storm water pollution prevention, segregation of vehicles, ash, metals, and concrete for disposal or recycling, debris removal, reduction if necessary, hauling, and disposal from such private properties, finishing surfaces, tree removal, conducting confirmation sampling, and other services. Defendant ECC also admits it entered into a contract with Defendant Tetra Tech to provide certain services in connection with the cleanup work performed at properties affected by the Northern California Wildfires. However, Defendant ECC denies Plaintiffs' remaining allegations including, without limitation, Plaintiffs' allegations of improper and wrongful conduct. Defendant ECC denies it is liable for Plaintiffs' damages. The principal factual issues in dispute include, without limitation, Defendant ECC's scope of work; the work, if any, Defendant ECC and other entities performed on the Plaintiffs' properties; whether Defendant ECC removed excessive amounts of soil, trees, land, structures, etc.; whether Defendant Tetra Tech or other entities monitored, supervised, inspected, or directed the work of ECC or other entities; whether Plaintiffs (or the putative class) sustained damage to property, and other factual issues relating to class certification.

3

57137665.v1

ECC maintains that it entered into a contract with the USACE, and at all times performed its work in accordance with the terms of that contract and USACE directives.

**Tetra Tech's Position**:   Defendant Tetra Tech is a business involved in providing consulting and engineering services.  Defendant Tetra Tech denies Plaintiffs' allegations in their entirety.  Tetra Tech maintains that at all times it performed its work in accordance with the terms of the prime contract and subcontract with AshBritt and USACE directives.  The principal factual issues in dispute include but are not limited to, whether Defendant Tetra Tech was following the terms of the master contract and directives of the USACE; whether Defendant Tetra Tech was responsible in any way for the removal of debris, soil or property; whether, if so, excessive amounts of soil, structures, land, etc. were, in fact, removed from any property; whether Defendant Tetra Tech monitored, supervised, inspected or directed the work of ECC or other subcontractor Defendants in the removal of debris, soil or property; whether Plaintiffs' (or the putative class) sustained damage to property, and other factual issues relating to class certification.

## 3.   Legal Issues

Plaintiffs allege that Defendants' actions constituted unlawful and unfair business practices in violation of California Business and Professions Code §§ 17200, *et seq*. (the Unfair Competition Law or "UCL").  Plaintiffs also allege that Defendants' actions constituted trespass, conversion, and trespass to chattels.

In addition to the disputed legal issues identified in the preceding paragraph and those affirmative defenses listed in Defendants' answers, Defendants anticipate at least the following legal issues:

1.   Whether the derivative sovereign immunity doctrine bars Plaintiffs' action;

2.   Whether the doctrine of consent or waiver bars Plaintiffs' recovery;

3.   Whether Defendants are liable under California's Unfair Competition Law;

4.   Whether Defendants are liable for the various property torts alleged by Plaintiffs; and

57137665.v1

5. Whether the putative class can be certified under Rule 23(b)(3).

### 4. Motions

**Prior Motions**

1.      Defendants' Motions to Strike Class Allegations, ECF Nos. 50 and 52, were granted in part, with leave to amend.  ECF No. 66.  On March 4, 2020, Plaintiffs filed their Third Amended Complaint.  ECF No. 68.  Defendants answered that Third Amended Complaint on April 16 and 17, 2020.  ECF Nos. 75, 76.

**Pending Motions:**

There are no pending motions.

**Anticipated Motions:**

1.      Pursuant to the agreement of the parties and this Court's May 20, 2020 Civil Conference Minute Order ("Minute Order") (ECF No. 79), Defendants will be filing a motion to dismiss pursuant to Rule 12(b)(1) on the issue of derivative sovereign immunity, which Defendants believe precludes any liability in this case and results in this Court lacking subject matter jurisdiction of this action.  *See Yearsley v. W.A. Ross Construction*, 309 U.S. 18 (1940); *Boyle v. United Technologies Corp.*, 487 U.S. 500 (1988); *Myers v. United States*, 323 F.2d 580 (9th Cir. 1963); *Perkins v. United States*, 1:07cv1185 LG-RHW, 2009 U.S. Dist. LEXIS 75688 (S.D. Miss. Aug. 21, 2009). ).  Plaintiffs' position is that the doctrine of derivative sovereign immunity is inapplicable here because, as alleged in the operative complaint, Defendants exceeded the scope of their authority when they removed excessive soil and trees, and failed to properly test and remove contaminated soil, ash, and debris, from putative class members' properties. *See Yearsley*, 309 U.S. at 21.

2.      In the event Defendants' motion to dismiss on the issue of derivative sovereign immunity is not successful, Defendants may later file motions for summary judgment on certain causes of action asserted by Plaintiffs and/or affirmative defenses.

UPDATED JOINT CASE MANAGEMENT CONFERENCE STATEMENT

57137665.v1

3.      Plaintiffs intend to move to certify teir proposed class. Plaintiffs agree to meet and confer with Defendants regarding a schedule for class certification following the Court's decision on Defendants' 12(b)(1) motion.

**5.  Amendment of Pleadings**

On March 4 2020, Plaintiffs filed their Third Amended Complaint.  ECF No. 68. Defendants answered that Third Amended Complaint on April 16 and 17, 2020.  ECF Nos. 75, 76. No new plaintiffs were added to the Third Amended Complaint.  The deadline to further amend the pleadings has passed.

**6.  Evidence Preservation**

The parties are aware of and are taking steps to comply with their evidence preservation obligations under the Federal Rules of Civil Procedure and the Northern District of California's ESI Guidelines.

**7.  Disclosures**

The Parties have made their initial disclosures pursuant to Rule 26(a).

**8.  Discovery**

Plaintiffs and Tetra Tech held their Rule 26(f) conference on February 13, 2019. ECC appeared in the case on March 22, 2019 and consented to proceed before a magistrate judge in this case on April 9, 2019.  Plaintiffs and ECC conducted a conference that they considered to be their Rule 26(f) conference on May 22, 2019.

A.  Discovery Taken to Date

Pursuant to this Court's Minute Order, on June 10, 2020, the parties participated in an informal exchange of documents related to Defendants' entitlement to derivative sovereign immunity.  Both Plaintiffs and Defendants (jointly) served limited requests for production of documents and interrogatories in late June.  The parties responded to that discovery on August 13, 2020, which included the production of additional documents.  Defendant Tetra Tech has also served subpoenas for depositions and the production of documents on two third parties that

UPDATED JOINT CASE MANAGEMENT CONFERENCE STATEMENT

57137665.v1

performed work on the properties of two Plaintiffs.  Defendants have propounded additional written discovery relating to derivative sovereign immunity.  Further, consistent with the Court's local rules, Defendants have engaged Plaintiffs' counsel to schedule Plaintiffs' depositions and site inspection of Plaintiffs' property.

B.  Scope of Anticipated Discovery

**Plaintiffs' Position**: Plaintiffs believe that some classwide discovery will be necessary to adjudicate derivative immunity, as the question of whether Defendants exceeded the scope of their contractual authority may be answered through uniform, classwide policies regarding Defendants' performance of work during the cleanup project. Pursuant to the stipulation and order regarding deadlines for Defendants' derivative sovereign immunity motion, Plaintiff will evaluate necessary discovery once Defendants' motion has been filed. At this stage, Plaintiff expects to seek 30(b)(6) depositions and depositions of Defendants' employees who were present on the subject job sites. Plaintiff also expects to subpoena depositions of CalOES employees.

**Defendants' Anticipated Discovery**:

On August 17, 2020, Defendants requested dates from Plaintiffs' counsel to schedule Plaintiffs' deposition and inspections of Plaintiffs' properties.  Plaintiffs have now provided information regarding the availability of six Plaintiffs for their deposition and Defendants will work with Plaintiffs' counsel to accommodate Plaintiffs' availability and schedule their depositions and property site inspections for times mutually convenient to the parties later this month, if possible.  On August 21, 2020, Defendants jointly served a second set of interrogatories, which are due on September 20, 2020.  Defendants will be taking Plaintiffs' depositions and inspecting Plaintiffs' properties later this month.   Finally, Defendants have served the aforementioned deposition and record subpoenas on contractors that performed work on two of Plaintiffs' properties.  One of those depositions is currently scheduled for September 30, 2020.  .

C.  Limitations or Modifications of Discovery Rules

57137665.v1

Plaintiffs anticipate the need to increase the number of permitted depositions up from ten (10) to fifteen (15) and the number of permitted interrogatories, although a specific number has not yet been determined.

Defendants do not anticipate a need to modify the limitations on discovery relief for the limited discovery related to the derivative sovereign immunity defense, but do anticipate the expected number of depositions may eventually require an order allowing more than 10 depositions.

D.  ESI Protocol and Stipulated Protective Order:

The parties have agreed to adopt the stipulated Protective Order based upon the Northern District of California Model Order.  The parties have also agreed in principle to adopt the Northern District of California's model stipulated order regarding ESI but need to further meet and confer to discuss the specific parameters and terms of the proposed order after the scope of the claims properly asserted in this action are further refined and resolved by the Court.

E.  Rule 26(f) Discovery Plan

This subsection discusses the schedule for discovery as required under Rule 26(f)(B). All other reportable views and proposals under Rule 26(f) are discussed throughout Section 8(A)-(E) of this Case Management Statement in accordance with the Standing Order for all Judges of the Northern District of California – Contents of Joint Case Management Statement.

The parties conducted what they considered to be there Rule 26(f) conference on May 22, 2019.  On July 24, 2020, this Court adopted the following joint discovery plan related to Defendants' assertion that Plaintiffs' claims are barred because Defendants are entitled to derivative sovereign immunity by virtue of their work for the USACE.

| Deadline | Action |
|---|---|
| **September 23, 2020** | The Parties respond to written discovery already propounded and Plaintiffs respond to additional discovery propounded by Defendants (including, but not limited to deposition notices of Plaintiffs and |

8

57137665.v1

| | other persons/entities with information regarding Plaintiffs' properties and site inspections). |
|---|---|
| **October 19, 2020** | Defendants file their Derivative Sovereign Immunity Motions. |
| **November 3, 2020** | Plaintiffs to identify and the Parties to meet and confer regarding any additional discovery Plaintiffs contend is needed to oppose Defendants' motions |
| **January 8, 2021** | All discovery by Plaintiffs completed. |
| **January 27, 2021** | Plaintiffs' Opposition to Defendants' Motions due. |
| **February 19, 2021** | Defendants' Reply Memoranda due. |
| **March 4, 2021** | Hearing on Defendants' Motions. |

c.

F.   <u>Anticipated Discovery Disputes</u>

**Plaintiffs' Position**:

As discussed above, the Court has ordered, and Plaintiffs agree, to limit discovery to the issue of derivative sovereign immunity. To that end, Plaintiffs believe that some classwide discovery will be necessary to adjudicate derivative immunity, as the question of whether Defendants exceeded the scope of their contractual authority may be answered through uniform, classwide policies or communications regarding the performance of work during the cleanup project.

Pursuant to the stipulation and order regarding deadlines for Defendants' derivative sovereign immunity motion, Plaintiff will evaluate necessary discovery once Defendants' motion has been filed.

**Defendants' Position**: Under the Court's Minute Order, discovery is expressly limited to the issue of derivative sovereign immunity. Defendants have engaged and will continue to engage in good faith meet and confer discussions regarding the appropriate scope of discovery in light of this Court's Minute Order and the parties' prior stipulation, reserving their right to object to discovery from Plaintiffs that is beyond the scope of that issue.  Defendants do not believe broad class discovery is appropriate in this case, particularly in light of the privacy rights and potential

9

and actual conflicts that arise in Plaintiffs seeking information about third party proper owners who are represented by other counsel in litigation relating to property damage arising out of the 2017 wildfires.

Defendants note that counsel for Plaintiffs appear to also represent upwards of 40 individuals whose properties were damages and/or destroyed by the North Bay Fires in lawsuits against PG&E.  Plaintiffs' counsel also recently suggested that  between 10 and 50 clients have suggested they may have complaints with regard to USACE-authorized cleanup, some of whom  might be willing to join one of these related actions as named plaintiffs (although the deadline to amend has passed), and others who apparently wish to remain anonymous to protect their privacy.   Defendants are willing to engage in discussions to address the possibility of informally exchanging information with regard to these other unidentified property owners.

**9. Class Actions**

**Plaintiffs' Position:**

Plaintiffs seek certification of a California State class.  The class sought to be represented is defined as follows:

> All owners of real property in Sonoma, Lake, Mendocino, and Napa Counties on whose land [contractors overseen, directed, or  monitored by ECC and Tetra Tech] performed cleanup work in relation to wildfire damages from October 2017 to the present.

Plaintiffs will seek certification under Rule 23(b)(3) of the Federal Rules of Civil Procedure. The Plaintiffs contend that they are entitled to maintain the action as a class action under Rule 23(a) and (b) based upon the facts set forth in Section 2, *supra*, and in addition because common questions of law and fact predominate, including (but not limited to):

> a. Whether Defendants trespassed onto Plaintiffs' real property, thereby causing damages to the land;
> b. Whether Defendants interfered with the possessory rights of Plaintiffs' personal property;

10

57137665.v1

    c.   Whether Defendants' conduct violated Business and Professions Code §§ 17200, *et seq.*;

    d.   Whether Defendants' conduct otherwise violated California law;

    e.   Whether Defendants are jointly or severally liable or otherwise legally responsible for violations alleged herein under an agency or other theory; and

    f.   Whether, as a result of Defendants' misconduct, Plaintiffs are entitled to damages, restitution, equitable relief, or other damages and relief, and, if so, the amount and nature of such relief.

Plaintiffs' position is that a class action is superior to all other available methods for the fair and efficient adjudication of this controversy because, *inter alia*, it is economically impractical for members of the Class to prosecute individual actions, the Class is readily definable, prosecution as a class action will eliminate the possibility of repetitious litigation, and a class action will enable claims to be handled in an orderly and expeditious manner, will save time and expense, and will ensure uniformity of decisions. Plaintiffs will meet and confer with Defendants regarding a schedule for class certification following the Court's decision on Defendants' derivative sovereign immunity motion.

**Defendants' Position**:

Defendants do not believe that this case is appropriate for class action treatment, and assert that their entitlement to derivative sovereign immunity mandate that this action be dismissed. Resolution of this derivative sovereign immunity issue is the current focus of this action per the Court's Minute Order..

Further, Defendants maintain that a review of the operative Third Amended Complaint discloses that Plaintiffs cannot establish the requisite elements for class certification. For instance, Defendants note that a class action is not superior to other available methods for the fair and efficient adjudication of the controversy and joinder of all members of the Class is not impracticable—the pending PG&E coordinated litigation in San Francisco Superior Court (JCCP No. 4955), in which Plaintiffs and their counsel have filed complaints, demonstrates how a class action is not a superior method and that joinder is not impracticable.  Moreover, the fact that Plaintiffs' counsel have filed what appears to be approximately 40 individual complaints in the PG&E action on behalf of individual property owners but have not done so here, demonstrates

11

57137665.v1

that Plaintiffs' proposed class of all property owners who had work done by Defendants is manifestly overbroad and that the class is not ascertainable, that Plaintiffs' claims are not typical and they are not adequate representatives, that individual issues will predominate over the allegedly common issues (which Defendants dispute) and that management of this action on a class-wide basis is not practical.

If necessary, Defendants will meet and confer with Plaintiffs on class related issues in this litigation after the Court rules on the Defendants' motion to dismiss based on derivative sovereign immunity.

**10. Related Cases**

On March 11, 2019, this Court granted a stipulated order relating this case to *Mason, et al. v. Ashbritt, Inc., et al*, No. 3:19-cv-01062-LB ("*Mason*").

**11. Relief**

<u>**Plaintiffs' Position:**</u> Plaintiffs seeks actual and compensatory damages, treble damages, restitution and disgorgement, civil and statutory penalties, attorneys' fees and costs, and prejudgment and post-judgment interest. Plaintiffs contend that damages will be calculated based on the value of soil and trees removed from putative class members' properties, the cost to remediate Defendants' alleged over-excavation of the land, and the depreciation in value of putative class members' properties as a result of Defendants' alleged actions.

<u>**Defendants' Position:**</u> Defendants deny liability to Plaintiffs, and believe that this case should be resolved on a motion to dismiss on the basis of Defendants' derivative sovereign immunity. Defendants contend that Plaintiffs waived their claims against the Defendants in the Right-of-Entry Permits the Plaintiffs executed prior to the remediation work on their respective properties. However, if any such liability exists, Plaintiffs damages should be limited to a reasonable and actual recoverable monetary amount upon submission of proper evidentiary proof. Defendants also note that, to the extent liability is established, expert testimony will be required to assess what damages are attributable to the alleged over-excavation (or under-excavation) at

12

Plaintiffs' respective properties (and separately as to any other property) versus that which was necessarily undertaken as part of the remediation to which Plaintiffs consented, and also segregating that damage that is properly allocated to PG&E as a result of its responsibility for the underlying cause of the property damage, e.g., the wildfires.

**12. Settlement and ADR**

Plaintiffs believe that reputable news coverage and publicized communications from the California Office of Emergency Services corroborate Plaintiffs' allegations, and, along with information obtained during Plaintiffs' counsel's investigation, are sufficient to position the Parties to negotiate a global resolution. The working relationship between Plaintiffs' and Defendants' counsel in the ongoing process of narrowing the scope of formal and informal discovery leads Plaintiffs to further believe that the Parties will be able to negotiate an early resolution.

Defendants currently believe that the parties' differences regarding the fundamental legal and factual issues in this case, particularly as to the applicability of derivative sovereign immunity and the viability of Plaintiffs' class claims, and Plaintiffs' insistence on broad discovery regarding every property for which Defendants or any of their subcontractors performed worked, including confidential, proprietary and protected third party information, make ADR impractical at this juncture.  Defendants are, however, willing to discuss with Plaintiffs and the Court the advisability of ADR at the September 16, 2020 Case Management Conference.

**13. Consent to Magistrate Judge For All Purposes**

The parties have consented to have this matter determined by a Magistrate Judge for all purposes.

**14. Other References**

The parties do not believe that this case is suitable for reference to binding arbitration, a special master, or the Judicial Panel on Multidistrict Litigation at this time.

57137665.v1

**15. Narrowing of Issues**

The Parties have agreed to narrow the case to first address Defendants' assertion of derivative sovereign immunity, which has included a mutual exchange of information and documents, followed by a phased approach to permit appropriate discovery and briefing before proceeding onto any class or merits-based discovery.

Plaintiffs have agreed to work with Defendant on limiting discovery at this stage but notes that they believe the issue of derivative sovereign immunity is inextricably tied to the theory of liability in this case and, as discussed above, will require some degree of classwide discovery.

**16. Expedited Schedule**

At this time the parties do not believe that a discussion of expedited scheduling procedures is necessary.

**17.  Scheduling**

On July 24, 2020, this Court adopted the following joint discovery plan related to Defendants' assertion of the jurisdictional defense of derivative sovereign immunity.

| Deadline | Action |
|---|---|
| **September 23, 2020** | The Parties respond to written discovery already propounded and Plaintiffs respond to additional discovery propounded by Defendants (including, but not limited to deposition notices of Plaintiffs and other persons/entities with information regarding Plaintiffs' properties and site inspections). |
| **October 19, 2020** | Defendants file their Derivative Sovereign Immunity Motions. |
| **November 3, 2020** | Plaintiffs to identify and the Parties to meet and confer regarding any additional discovery Plaintiffs contends is needed to oppose Defendants' motions |
| **January 8, 2021** | All discovery by Plaintiffs completed. |
| **January 27, 2021** | Plaintiffs' Opposition to Defendants' Motions due. |
| **February 19, 2021** | Defendants' Reply Memoranda due. |
| **March 4, 2021** | Hearing on Defendants' Motions. |

14

57137665.v1

Defendants anticipate that they will be able to undertake their derivative sovereign immunity discovery by or before the current agreed upon September 23, 2020 deadline.  However, Defendants may need to make certain individualized requests for discovery outside of that cut-off depending on the availability of witnesses and counsel, and the adequacy of certain discovery responses by Plaintiffs and third parties.  The parties intend to work together to agree upon mutually acceptable dates for such discovery, if necessary.

**18. Trial**

    **<u>Plaintiffs' Position:</u>**  The case will be tried to a jury and Plaintiffs believe the trial would last two weeks. will propose a trial date following adjudication of the issue of derivative sovereign immunity.

    **<u>Defendants' Position:</u>** No determination regarding the length of trial can be made until the issues of derivative sovereign immunity, and, if necessary, class certification, are resolved.

**19. Disclosure of Non-party Interested Entities or Persons**

    The parties have all filed the Certification of Interested Entities or Persons required by Civil Local Rule 3-15.

**20. Professional Conduct**

    At this time, counsel for the parties have reviewed the Guidelines for Professional Conduct for the Northern District of California.

**21. Other Matters**

    Given that community circulation of the novel coronavirus (SARS-CoV-2) may continue through the end of this year and beyond, Plaintiffs intend to meet and confer with Defendants regarding stipulated procedures for remote depositions in this matter.

UPDATED JOINT CASE MANAGEMENT CONFERENCE STATEMENT

57137665.v1

1   Dated: September 9, 2020                    THE ARNS LAW FIRM

2

3                                              By   /s/
                                                  _____
4                                                 Robert S. Arns
                                                  Jonathan E. Davis
5                                                 Shounak S. Dharap

6                                                 Attorneys for Plaintiffs

7   Dated: September 9, 2020                    NOSSAMAN LLP

8

9                                              By   /s/
                                                  _____
10                                                James H. Vorhis
                                                  Jill N. Jaffe
11

12                                                Attorneys for Defendant
                                                  TETRA TECH, INC.
13

14  Dated: September 9, 2020                    COZEN O'CONNOR

15

16                                             By   /s/
                                                  _____
17                                                Andrew M. Hutchison
                                                  David A. Shimkin
18
                                                  Attorneys for Defendant
19                                                ENVIRONMENTAL CHEMICAL
                                                  CORPORATION dba ECC
                                                  REMEDIATION SERVICES
20

21

22

23

24

25

26

27

28

UPDATED JOINT CASE MANAGEMENT CONFERENCE STATEMENT

57137665.v1